## State of Vermont v. Aurelian Gignac

[129 A2d 499]

January Term, 1957.

Present: **Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.**

Opinion Filed February 5, 1957.

*Ready & Brown* for the respondent.

*William B. Goldsbury*, State's Attorney, for the State.

**Adams, J.**   This case results from a complaint brought by the State's Attorney of Franklin County to the Franklin Municipal Court. It charged that the respondent "at Swanton in said County of Franklin, on to wit, on the 9th day of February, 1956, did then and there operate and run a motor vehicle upon a public highway, to wit, the highway leading from Swanton to St. Albans and commonly known as U. S. Route No. 7 while under the influence of intoxicating liquor." Trial was by

jury with a verdict of guilty. There was a judgment and sentence thereon. The case is here on exceptions of the respondent.

The respondent did not introduce any evidence. He made a motion for a directed verdict of not guilty. This motion was denied and exceptions allowed the respondent. He says in his brief that his "exceptions are based on two grounds: (1) The State failed to show that at the time the respondent was operating his vehicle on the highway that the respondent was under the influence of intoxicating liquor; (2) The State failed to show where the offense, if any, occurred." His brief further states: "There is no evidence of operation *on the highway* while under the influence" and this question is raised by the first seven grounds of his motion.

■ In passing upon the respondent's motion for a directed verdict the evidence must be taken in the light most favorable to the state. *State* v. *Bromley*, 117 Vt 228, 229, 88 A2d 833, and cases cited.

None of the evidence introduced on behalf of the state was contradicted and applying the foregoing rule, the jury acting fairly and reasonably could find the following facts:—A member of the Vermont State Police on February 9, 1956, at about nine-thirty in the evening came to an automobile that had gone off the road north of St. Albans City on the so-called Country Club Flat on U. S. Route No. 7 which was a public highway. It was off the right hand or westerly side of the road headed southerly coming toward St. Albans with reference to Swanton. The trooper parked his car, went to the other car and found the respondent behind the wheel. The snow was plowed back from the shoulder of the road. The respondent was attempting to get his auto out of the snow. He told the trooper, "I drove in the snow off the road." He was attempting to put his car in low gear and was pushing it further into the snow rather than putting it in reverse and backing out. The trooper could smell intoxicating liquor and the respondent didn't act quite normal. The trooper asked the respondent to get out, reached in and shut off the motor, took the respondent by the arm, helped him out and they went to the trooper's car. The respondent staggered and could hardly stand up.

He was asked by the trooper if he was operating a motor vehicle and he said he had bought the car that day and had left his brother's home on the Swanton road and was on his way home and he stepped on the gas, went into passing gear, lost control and went off the road. He was asked if he had been drinking and he said that he had a couple of drinks at his brother's that night.

The trooper arrested the respondent and took him to a hospital in St. Albans where he was examined by a physician, who asked him if he had been drinking that night. He replied, "I'll show you" and pointed to a nearly empty fifth whiskey bottle that the trooper pulled from his pocket and the respondent indicated that it was his bottle. The physician examined and tested the respondent and also took a blood sample. This blood was sent to the State Laboratory and tested for the presence of alcohol. It tested .30%.

It was conceded on oral argument that there was no question but that the respondent was under the influence of intoxicating liquor at the time he was found in his car by the trooper. It would have been useless to claim that such was not the fact. The trooper and also the physician who examined the respondent testified that he was under the influence. The physician stated, "He was definitely under the influence." Further, the state pathologist, who testified as an expert, stated that one whose blood tests from .15 to .26% of alcohol would be under the influence of intoxicating liquor and one whose blood tests .30% would be drunk.

The respondent claims that, although he might have been under the influence of intoxicating liquor when he was found by the state trooper and then attempting to operate his car that he was not then operating or attempting to operate it *on the highway*. Therefore, the state has failed in its proof of the offense. We need spend no time in attempting to determine from the facts and the position of the car whether or not it was on the highway within the meaning of the statute at that time. The respondent told the trooper that he had two drinks that night at his brother's home. According to what he told the doctor he had been drinking whiskey that night. He told the trooper that he had driven from his brother's home on the Swanton

Road, was on his way home, "stepped on the gas and went into passing gear and he lost control and went off the road." Also he said, "I drove in the snow off the road." It is self evident from those statements that he had been operating his car on the public highway previous to the time that the trooper found him with his car headed into the plowed snow with the motor running and the respondent behind the wheel. That was after he had had at least two drinks of whiskey and was in such condition that instead of putting his car in reverse and backing out of the snow, he was attempting to put it into low gear and was pushing it further into the snow and that in walking to the trooper's car he staggered and could hardly stand up.

The respondent relies heavily upon the case of *State* v. *Sanford*, 118 Vt 242, 108 A2d 516. It is not in point factually. In that case the car was found off the road, the motor not running and the respondent asleep on the front seat in an intoxicated condition. There were both full and empty beer bottles in the car. There was no direct evidence that the respondent drank any intoxicating liquor before he drove off the road nor how long he had been there after the motor stopped running. In the instant case, the respondent, by his own admission to the trooper, limited his drinking to his brother's place on that night and before he drove from there to where he went off the road.

The first seven grounds of the respondent's motion were without merit.

Ground 8 of the respondent's motion was, "the state has alleged in its complaint, that the violation occurred in the Town of Swanton and the state has failed to show that it occurred in any town and in a county only by inference." He claims in his brief that the exception on this ground is to want of proof on the part of the state as to *situs*, as alleged. He also says in his brief that if the respondent was operating his car "while still on the highway", it was "in an unknown town coming from some unproved direction toward the place where apprehended, somewhere north of St. Albans City." That "North of St. Albans City is a large area and could mean anywhere south of Montreal or north of it." There is "no proof of any place, except off the road."

We have seen that the state's evidence showed that the respondent operated his car on the highway just before it went into the snow. The state's evidence also showed that the respondent, after having two drinks of whiskey at his brother's home on the Swanton Road drove from there to the place where the car was located when the trooper arrived, that the car was then headed southerly coming toward St. Albans with reference to Swanton and in the snow where it had gone off the highway which was U. S. Route No. 7, a public highway. That can mean only one thing, i. e. that the place was between Swanton and St. Albans and that the respondent had driven there on that highway from his brother's place in Swanton. It is quite unlikely that a member of the Vermont State Police would be patrolling a road in Canada and there arrest a respondent either north or south of Montreal.

■ We take judicial notice of the geography of the state, including the location and extent of the various towns therein. *State* v. *Caplan,* 100 Vt 140, 150, 135 A 705; *State* v. *Gamelin,* 111 Vt 245, 252, 13 A2d 204. Part of St. Albans Town is contiguous to Swanton and southerly of it and St. Albans City is contiguous to and southerly of that part of St. Albans Town. It is a matter of common knowledge, of which we take judicial notice, that U. S. Route No. 7 passes through, as one proceeds southerly, the town of Swanton, then that part of St. Albans Town that is next southerly thereof and then through St. Albans City. We also take judicial notice of the fact that the Franklin Municipal Court has jurisdiction throughout Franklin County and that the towns of Swanton and St. Albans and St. Albans City are in Franklin County. *State* v. *Hilliker,* 117 Vt 569, 571, 97 A2d 119.

The respondent relies upon the case of *State* v. *Coomer,* 105 Vt 175, 163 A 585, 94 ALR 1038. It does not help the respondent and is not in point factually. In that case there were two separate, independent and distinct acts of driving which were not related to each other in point of time or by sequence of events and the state was asked to elect the one to which its proof was directed. The 8th ground of the respondent's motion was without merit.

There was no error in denying the respondent's motion for a directed verdict of not guilty on all the grounds stated therein.

■ At the close of the court's charge to the jury, the respondent "moved" that the court charge the jury that, as the evidence relied upon by the state is entirely circumstantial, the circumstances proved must exclude every reasonable hypothesis except that the respondent is guilty. This was denied and the respondent was allowed an exception. This exception is not briefed so it is waived. *Smith* v. *Grove*, 119 Vt 106, 108, 119 A2d 880; *Strout* v. *Wooster*, 118 Vt 66, 71, 99 A2d 689.

Furthermore, without deciding whether or not the motion or request was properly made, such an instruction, if ever essential in this jurisdiction, is required only where the evidence is entirely circumstantial. *State* v. *Marston*, 82 Vt 250, 251, 72 A 1075; *State* v. *Tatko*, 119 Vt 459, 128 A2d 663. Here there was some direct evidence by the statements of the respondent to the trooper and the physician that he had been drinking intoxicating liquor before he drove the automobile and where he had driven it after such drinking.

*Judgment of guilty affirmed. Let execution be done.*