## State of Vermont v. Alan Vernon Stone

[ 201 A.2d 703 ]

April Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed June 2, 1964

*Peter F. Langrock,* State's Attorney, for the State.

*Joseph S. Wool* for the respondent.

**Smith, J.** The respondent was tried by jury in the Addison Municipal Court on June 7, 1963, on an information charging him with leaving the scene of an accident contrary to the provisions of 23 V.S.A. §1004(a). Trial resulted in a conviction of guilty and respondent has taken his appeal to this Court before final judgment.

Respondent's brief before this Court presents for our consideration only claimed errors in the charge of the lower court. Respondent here contends that the municipal judge erred in his charge on the presumption of innocence, and that a proper charge was not given by him concerning the credibility of witnesses and the burden of proof.

The record before us shows that the respondent, at the close of the lower court's original charge to the jury, excepted to the court's failure to charge on the presumption of innocence according to certain specific wording which respondent's counsel then read, or stated, to the court. Following such exception and statements, the municipal judge again charged the jury on the presumption of innocence. The same procedure was followed by respondent's counsel in objecting to the charge, as given, on the question of reasonable doubt, and the municipal judge, after such objection, gave a supplemental charge to the jury on that subject.

After the conclusion of the supplementary charges on the two subjects, respondent did not renew his exception to the charge on the question of presumption of innocence. His exception to the supplemental charge on reasonable doubt was "the charge as it now stands can only tend to confuse the jury in its deliberation and make it impossible for them to arrive at a proper verdict." Such exception did not call to the attention of the court in a manner that gave notice of the difficulty claimed to exist and give an opportunity for correction on the part of the court. Error in a charge can only be predicated if the mistake was raised and brought to light at the trial so as to give the trial court the opportunity to correct the situation. *State* v. *Hood,* 123 Vt. 277-278, 187 A.2d 499.

The record also shows that after giving the supplemental charges and before giving the case to the deliberation of the jury the trial judge stated, "If nobody has any more objections . . ." to which counsel for respondent stated, "Respondent has no objection."

■ Any objection the respondent may have had to the instruction on the presumption of innocence as originally given was cured by the respondent's indicated satisfaction with the supplemental instruction. *Bonazzi* v. *Fortney*, 94 Vt. 263, 271, 110 Atl. 439. The respondent has nothing in his brief in the way of argument or citation to support his objection to that portion of the charge relating to reasonable doubt which he made at trial.

■ The record before us does not disclose the exceptions claimed to exist by the respondent, and there is nothing before this Court to decide. *State* v. *Stone*, 123 Vt. 95, 96, 181 A.2d 840. *State* v. *Murray*, 123 Vt. 232, 233-235, 186 A.2d 193.

*Judgment affirmed. Let execution be done.*