### State of Vermont v. William H. Bruce

[ 231 A.2d 107 ]

April Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 6, 1967

*Alan W. Cheever,* Assistant Attorney General, for the State.

*James E. Bigelow* for defendant.

**Keyser, J.** The respondent was tried by jury in the Brattleboro Municipal Court on his plea of not guilty to the charge that he operated "a motor vehicle on, along and upon the public highway, to wit: Western Avenue in said Brattleboro while under the influence of intoxicating liquor."

The case went to the jury without the introduction of any evidence by the respondent. The jury returned a verdict of guilty upon which the court entered judgment and respondent's appeal followed.

Respondent's appeal raises two questions, namely, was there evidence to prove (1) that the respondent operated his motor vehicle on Western Avenue and (2) that Western Avenue was a public highway. The evidence of the respondent being under the influence of intoxicating liquor was not disputed or challenged.

The undisputed and unchallenged evidence establishes the following factual situation. Lawrence's Mobil Station is a service station located on Western Avenue in the town of Brattleboro. In the early evening of July 10, 1965, the respondent drove his car into the station and bought some gasoline. The attendant at the station first saw the respondent's car as it was pulling off the road and entering the driveway into the filling station. The car came from the direction of the center of town and the respondent was behind the steering wheel of the car as it drove in and stopped. The evidence indicates that there was no other occupant in the car. The respondent left his car for a short time and while he was at the service station, the attendant, having observed respondent's condition, called the police. When the respondent returned to his car he got into the driver's seat, turned on the ignition key but before the engine was started the police arrived and took respondent into custody.

Respondent argues there was no direct evidence of the operation by the respondent and that it was error for the court to instruct the jury that the operation could be inferred from the circumstances proved.

The court charged "there is no direct evidence, as the court recalls, that the respondent himself drove the car. However, you may decide by way of inference from the other facts proved whether or not he did drive the car and whether or not he 'operated' the car within the meaning of the definition of 'operation.' "

The respondent claims the charge violates the rule set forth in *State* v. *Fox*, 123 Vt. 82, 181 A.2d 74 and *State* v. *Sanford*, 118 Vt. 242, 108 A.2d 516. The rule therein stated is that where the evidence is entirely circumstantial, it must be sufficient to exclude every reasonable hypothesis consistent with respondent's innocence and to sustain a verdict of guilty.

■ An instruction to the jury to the effect mentioned in the *Sanford* and *Fox* cases, *supra,* if ever essential in this jurisdiction, is required only in cases where the evidence is wholly and entirely circumstantial. *State* v. *Crosby,* 124 Vt. 294, 298, 204 A.2d 123.

The rule referred to in the two cases cited by the respondent is inapplicable here for the reason that there is direct evidence as to the operation of the vehicle by the respondent. The testimony of the service station attendant is clearly not circumstantial but rather comes from him as an eyewitness to the operation of the car by respondent. His testimony, if believed by the jury, is sufficient to establish that the defendant was operating the vehicle.

■ The charge of the court objected to by the respondent, although inappropriate and inapplicable on the state of the evidence, did not work error against the respondent. To the contrary, it was to the disadvantage of the state. We add in passing that it is hornbook law that the jury is entitled to draw such inferences as are properly warranted from the facts proved. *Berry* v. *Whitney,* 125 Vt. 383, 386, 217 A.2d 41; *Lash Furniture Co.* v. *Norton,* 124 Vt. 58, 60, 196 A.2d 506; *Wright* v. *Shedd,* 122 Vt. 475, 478, 177 A.2d 240.

■ The respondent's exceptions claiming there was neither any evidence, nor any direct evidence, that the respondent was operating his vehicle is without substance or merit.

The respondent next contends evidence is lacking that he operated his vehicle on Western Avenue.

The respondent is charged with an offense under 23 V.S.A. §1183 which provides: "A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquor or drugs."

The respondent argues that the offense must have occurred on Western Avenue as charged in the complaint.

■ The words in the information "to wit: Western Avenue" are merely descriptive and explanatory of the location in Brattleboro where the operation is alleged to have taken place. *State* v. *Cliffside, Inc.,* 120 Vt. 265, 268, 138 A.2d 310.

■ The information charges that the offense was committed "in the town of Brattleboro." Such allegation as to where the offense was committed was undeniably sufficient. *State* v. *Christie,* 97 Vt. 461,

464, 123 A 849. And this allegation was amply supported by the evidence.

Moreover, the service station attendant testified he first saw the car "as it approached the driveway" and as "it was just entering the driveway, just pulling off the road, entering the driveway." He also testified the respondent came from the direction of "the center of town." There is no evidence that any other entrance to the service station existed except from Western Avenue on which the station is located. The evidence and the inferences to be drawn therefrom are sufficient to sustain a finding by just and reasonable triers of fact that the respondent drove his motor vehicle on Western Avenue and entered the service station driveway from that street.

Respondent's remaining claim of error is that there is no evidence Western Avenue is a public highway. Respondent attempts to raise this question by a motion in arrest of judgment.

A claimed deficiency of evidence cannot properly be raised by a motion in arrest of judgment. Such motions are addressed to error apparent on the face of the record and this is not the situation here. *State* v. *Quesnel,* 124 Vt. 491, 493, 207 A.2d 155. But, even if properly raised, respondent's position is untenable for other reasons.

The statute, 23 V.S.A. §1183, does not provide that the offense here involved must have been committed on an established, laid out, or public highway. Here, again, the words in the information "on, along and upon the public highway" are descriptive and explanatory only. *State* v. *Cliffside, Inc., supra.* Proof that Western Avenue was a public highway was not necessary or required by the statute as an integral part of the offense.

Such offense under the statute need not necessarily occur on a public highway as we held in *State* v. *Bromley,* 117 Vt. 228, 230, 88 A.2d 833.

Moreover, the court, in giving a supplemental charge to the jury, instructed the jury that "Western Avenue is, in fact, a public highway." If there was any error in this part of the charge, it was cured by the respondent's indication to the court that he was content.

The evidence placed before the jury was of such probative force to fairly and reasonably establish the offense charged and is

sufficiently compelling to sustain the finding of guilty. There is no error.

*Judgment affirmed. Let execution be done.*