## State of Vermont v. Stanley Hotte

[276 A.2d 492]

No. 4-68

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed April 6, 1971

*James M. Jeffords,* Attorney General, and *Jon C. Stahl,* Assistant Attorney General, for the State.

*Conley & Foote,* Middlebury, for Defendant.

**Barney, J.** On the 14th of April, 1968, there was a disturbance at Palmer's Dairy Bar and the police were called. It was eleven o'clock at night and a dozen or more boys came in, "made nuisances of themselves," and refused to leave until they learned the police had been called. This case involves the prosecution of one of them for breach of the peace. When the case went to the jury, under the charge of the court, there were just two activities of the respondent available for consideration by the jury in support of the accusation. One was the use of loud, profane and abusive language directed at customers and working personnel; and the other was yelling loudly and creating a disturbance on the premises. The jury found the respondent guilty.

At the close of the state's evidence the respondent moved for a directed verdict, which was denied. After the verdict was returned, the respondent moved to set it aside. It is his claim that the evidence does not support the verdict as to either of the allegations.

The state, in its brief and argument, appears to agree that there is insufficient substance to the allegation of the use of profane and abusive language. This is borne out by the transcript. The best that can be said for the evidence in this connection is that the respondent made some comment, which is undisclosed, that was apparently not vulgar or obscene, but which annoyed the waitress, who was a witness. This is not enough to support a finding of criminal guilt.

■ Thus we are left with the allegation of unlawful conduct consisting of yelling loudly and creating a disturbance. If sufficiently established, this will support a charge of breach of the peace. *State* v. *Christie,* 97 Vt. 461, 464, 123 A. 849 (1924).

■ The rule is that the supporting evidence must be viewed in the light most favorable to the state. *State* v. *Mecier,* 126 Vt. 260, 261, 227 A.2d 298 (1967). The verdict, to stand, must be based on evidence that does not leave the issue of guilt uncertain or dependent upon conjecture. Where the evidence is so deficient or defective that a verdict of guilty based upon it cannot be sustained, a verdict of not guilty should be directed. If the evidence is of such character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it, the issue is not properly for the jury. Constitutionally, of course, in a criminal case, the matter must go to the jury unless the state of the evidence so favors the respondent that a directed acquittal should follow. *State* v. *Rounds,* 104 Vt. 442, 449, 160 A. 249 (1932). It is the respondent's position that the state of the evidence in this case does require his acquittal, and he contends for that result.

The testimony of two witnesses, both employees of the Palmer Dairy Bar, constitutes all of the evidence presented in this case. The testimony of one waitress, beyond acknowledging that the respondent was on the scene, otherwise exonerated him from any activity that would support a breach of peace charge.

Therefore, the state's case stands on the adequacy of the testimony of one witness to support this charge of yelling loudly and creating a disturbance. Different activities, such as standing or dancing on the counter, turning up the volume on the jukebox, and other mischief were understandably of more concern to the witness, but were acknowledged not to involve the respondent.

Going to the episodes of noisy disturbance, the witness testified that when these boys came in they were shouting and giving, "Three cheers—hip-hip-hooray." The only customers present, a man and a woman, ordered coffee, but did not stay to finish it. But the witness further testified that, "As far

as I know, Stanley did not have a part in that—I didn't see it." She was referring specifically to the hollering and "hip-hip-hooray" cheering.

At another point, the following examination took place:

Q Did you see Stanley Hotte engaged in any of the conduct that is being talked about?
A Not except the hollering.
Q Did you hear Mr. Stanley Hotte hollering?
A Not individually; they were all hollering.

.      .      .      .      .      .      .      .

Q Did you see Mr. Stanley Hotte moving about?
A I don't know.
Q Did you see him hollering?
A Yes.
Q You weren't able to distinguish who was hollering?
A No.
Q It was reasonably loud?
A Yes.

.      .      .      .      .      .      .      .

Q You did hear shouting?
A Yes.
Q Were you able to distinguish—identify any particular person being the one shouting?
A No, it was all the group.
Q It was just a general noise?
A Yes.

This is all the evidence involving the respondent with respect to yelling loudly and creating a disturbance.

■ Contradictions in testimony are for the resolution of the trier of the fact, here, the jury. *State* v. *Fairbanks,* 123 Vt. 298, 300, 187 A.2d 335 (1963). Likewise, equivocal testimony is for the jury's interpretation and evaluation. *Pettengill* v. *Kelton,* 124 Vt. 472, 474, 207 A.2d 245 (1965). But there is a preliminary requirement that there be some testimony in the case evidencing criminal conduct as charged, sufficient to rationally justify a finding of guilt beyond a reasonable doubt. Giving the evidence introduced in this case its strongest aspect in support of the verdict, it still falls short of that

standard, and is too insubstantial to support a conviction. *State* v. *Rounds, supra,* 104 Vt. at 449. The respondent's motion for a directed verdict of not guilty should have been granted. *State* v. *Mecier, supra,* 126 Vt. at 263.

*Judgment reversed, conviction and sentence set aside and respondent discharged.*