## State of Vermont v. Clifton Dragon

[370 A.2d 218]

No. 319-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Richard English,* Addison County State's Attorney, and *Edward P. Freeman* (On the Brief), Middlebury, for Plaintiff.

*James L. Morse*, Defender General, and *Robert M. Paolini*, Deputy Defender General, Montpelier, for Defendant.

**Daley, J.** The respondent, Clifton Dragon, appeals the decision of the District Court of Vermont, Unit No. 2, Addison Circuit, denying his motions for new trial and judgment of acquittal following his conviction by a jury of operating a motor vehicle over and upon a public highway, U.S. Route 7, while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a). The issues raised on appeal relate to the nature of the evidence presented by the State with respect to his alleged operation of the vehicle upon the public highway and the failure of the trial court to submit an instruction to the jury concerning the standard of proof in cases involving circumstantial evidence. For the reasons set forth in the opinion, we affirm the final judgment of guilty.

■ The respondent's challenges require us to view the evidence in the light most favorable to the State, free from modifying evidence. *State* v. *Roby*, 134 Vt. 313, 360 A.2d 572, 573 (1976); *State* v. *Eaton*, 134 Vt. 205, 356 A.2d 504, 505 (1976). The evidence so viewed establishes that on the night of May 28, 1975, the respondent, his brother, and Joseph Malzac were in an automobile proceeding southerly along U.S. Route 7 in the Town of Leicester. The automobile, upon approaching a northbound state police cruiser, failed to dim its headlights, thus arousing the suspicions of Corporal Heath of the Vermont State Police and an Addison County deputy sheriff, occupants of the cruiser. The officers quickly reversed their direction of travel and pursued the automobile with the three men for a short distance along Route 7 and into a rest area, with Corporal Heath never losing sight of the vehicle and its occupants. When the vehicles came to a stop in the rest area, Corporal Heath left the cruiser and approached the person seated behind the steering wheel of the other automobile. Corporal Heath, from his personal knowledge and from certain documents presented by the person seated in the driver's seat, established the person to be the respondent. The officer was asked by the respondent why the automobile was stopped, and he responded by referring to the failure of the automobile to dim its headlights on Route 7. The respondent then replied that he was unable to dim the lights because the switch controlling the device was frozen or broken and therefore was not operating properly. The respondent was then asked to go to

the police cruiser; Corporal Heath, upon observing the respondent's appearance and behavior, arrested him and brought him to the police station where a breath test was administered. The results of that test indicated a 0.18% blood alcohol content.

At the respondent's trial, both law enforcement officers testified that they were unable to identify the operator of the vehicle while it was proceeding along Route 7, but Corporal Heath did testify as to the events in the rest area. This evidence was met by the testimony of Joseph Malzac, one of the occupants of the automobile and a witness for the respondent, that he was the driver of the vehicle while it was on Route 7. He further testified that the respondent was a passenger at this time, and that he and the respondent switched places once the vehicle entered the rest area. Following the presentation of the evidence, the trial court, over the respondent's objection, refused to instruct the jury to the effect that, since the State's evidence of operation along Route 7 was entirely circumstantial, the jury had to be able to exclude every reasonable hypothesis of innocence before it could find the respondent guilty. The respondent maintains that the failure to so instruct the jury constituted reversible error and that the State, because of its total reliance upon circumstantial evidence of operation, failed to exclude every reasonable theory consistent with his innocence, thus warranting a reversal of his conviction.

■ ■ It is the controlling law in this State that, where the evidence relied upon by the prosecution to establish the elements of a crime is entirely circumstantial, the circumstances proved must exclude every reasonable hypothesis except that the respondent is guilty. *Woodmansee* v. *Stoneman*, 133 Vt. 449, 455, 344 A.2d 26 (1975); *State* v. *Clark*, 118 Vt. 131, 134, 101 A.2d 868 (1954); *State* v. *Rounds*, 104 Vt. 442, 449, 160 A. 249 (1932). It is well established that the instruction requested by the respondent is mandatory only in those cases where the State's evidence is wholly and entirely circumstantial. *State* v. *Bruce*, 126 Vt. 367, 370, 231 A.2d 107 (1967); *State* v. *Crosby*, 124 Vt. 294, 298, 204 A.2d 123 (1964); *State* v. *Gignac*, 119 Vt. 471, 476, 129 A.2d 499 (1957). Where a combination of direct and circumstantial evidence is presented, the instruction need not be submitted to the jury. *State* v. *Levesque*, 132 Vt. 585, 587, 326 A.2d 174 (1974).

In the present case, there was persuasive circumstantial evidence to support the inference that the person sitting behind

the steering wheel of the vehicle when it was in the rest area was the same person who was operating the vehicle on Route 7. In addition, Corporal Heath testified, without objection by the respondent, to the following conversation between himself and the respondent in the rest area:

> He [the respondent] stated that he could not dim his lights because the dimmer switch was frozen or broken and could not be worked. At that time he demonstrated it could not be worked. The lights were still on in the vehicle.

■ An out-of-court admission by a respondent to facts in dispute is generally considered to be in the nature of direct evidence. *State* v. *Levesque, supra; State* v. *Gignac, supra; State* v. *White,* 146 Mont. 226, 405 P.2d 761, 768 (1965); *State* v. *Tallie,* 380 S.W.2d 425, 429 (Mo. 1964); *State* v. *Tornquist,* 254 Iowa 1135, 120 N.W. 2d 483, 496 (1963); 2 Wigmore on Evidence § 479 (3d ed. 1940). The respondent's statement to the officer that he was unable to dim the lights of the vehicle because of mechanical malfunctions is, we hold, direct evidence of his operation of that vehicle upon Route 7. The combination of this direct evidence and the circumstantial evidence presented by the State precluded the need for the trial court to submit the requested instruction to the jury. No error appears.

The respondent further argues that inasmuch as the State's evidence of operation was totally circumstantial, the prosecution failed to sustain its burden of proof. Our resolution of the issue relating to the nature of the evidence presented by the State disposes of this challenge. The testimony of Joseph Malzac placed an issue of credibility before the jury as to whether the respondent was the operator of the vehicle while it was on Route 7. The jury, as it had a right to do, resolved this issue against the respondent and in favor of the State. The evidence and inferences to be drawn therefrom "are sufficient to sustain a finding by just and reasonable [finders] of fact that the respondent drove his motor vehicle" upon Route 7. See *State* v. *Bruce, supra,* 126 Vt. at 371.

*Judgment affirmed; let execution be done.*