## State of Vermont v. Miles E. Bushey

[400 A.2d 993]

No. 22-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Mark J. Keller,* Chittenden County State's Attorney, and *Sandra L. Baird,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin* and *William A. Nelson,* Appellate Defenders, *David W. Curtis,* Acting Appellate Defender, and *David Rath,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Barney, C.J.** The defendant was convicted by a jury of grand larceny of certain tires and wheels. The taking was claimed to have been carried out in conjunction with his girl friend. At the time of trial there was an arrest warrant outstanding for her, but she could not be located. He brings his conviction here claiming that he was entitled to a judgment of acquittal based on the failure of the circumstantial evidence against him to exclude every reasonable hypothesis except guilt. He also claims that the court's charge to the jury erroneously enabled them to convict without proof of his intent to steal the tires.

In this case the issue is not the frequent contention that the usual charge as to circumstantial evidence ought to have been given but was not. In this case the issue was charged in language that was unexcepted to. The claim is that the evidence in the case would not satisfy the standard for conviction by circumstantial evidence, and that therefore the defendant should be acquitted as a matter of law.

▮▮ The standard of proof for circumstantial evidence is variously stated. One expression is that such evidence must be so cogent as to exclude every reasonable theory consistent with the defendant's innocence. *State* v. *Clark,* 118 Vt. 131, 134, 101 A.2d 868 (1954). Another way of putting the test is to say that the evidence must exclude every reasonable hypothesis except that the defendant is guilty. *State* v. *Dragon,* 135 Vt. 35, 37, 370 A.2d 218 (1977). The basic concern is to prevent conviction based merely upon speculation, suspicion or conjecture. *State* v. *Hotte,* 129 Vt. 260, 262, 276 A.2d 492 (1971). This protective instruction is conceded to be unnecessary unless the evidence of guilt is entirely circumstantial. *State* v. *Bruce,* 126 Vt. 367, 370, 231 A.2d 107 (1967).

The evidence connecting the defendant with the crime comes entirely from the investigating officers. Part of that evidence reports what those officers did and saw, and part reports statements made to them by the defendant.

■ At about forty-five minutes past midnight on January 20, 1977, a police officer drove into the Nordic Ford car lot in South Burlington. Among the new cars he observed an old dark station wagon into which a woman was transferring a tire from a new Ford LTD. The LTD was missing its two front tires and the rear end of the car was jacked up. Subsequent investigation revealed that the lug nuts for the wheels on the rear had been loosened.

The motor was running on the dark station wagon, and the woman attempted to drive away when the officer approached. She slammed his hand in the car door, but he managed to extract the keys. As he was taking her back to his cruiser, he heard noises indicating the presence of another person so he radioed for assistance. When a second police car arrived, he took the woman involved to the South Burlington police station.

The second officer apprehended the defendant at the scene after he attempted to flee on foot. He was crouched behind a line of new cars on the lot, but footprints in the snow matching his shoes led away from the Ford LTD with the missing tires in the direction of his later apprehension. His clothes were wet, especially the knees of his pants, and his hands were dirty. He had a wrench in his pocket. Both officers felt that the defendant was intoxicated.

At the police station the defendant made a number of statements to the police which were put in evidence and proper for the jury's consideration. He identified the woman involved as his girl friend. He made several statements about the tires, saying, in effect, that his girl friend had "purchased" them from some people he knew dealt in stolen tires. He priced them at $40.00 or $60.00 at various times. He said it was an "informal" deal, and that he went to Nordic Ford to help his girl friend pick up the tires. He claimed not to know the tires in question were stolen. He also said that he proceeded to Nordic Ford separately, having a taxi let him out across the street. He explained to the police that he attempted to get away from them because he was on probation and was afraid to be picked up. This last information was not revealed to the jury. The defendant elected not to testify.

From this record it is clear that there is direct evidence of the defendant's presence at the scene of the crime at the time

it occurred. His statements admitting his presence there with a purpose of assisting his girl friend in taking the tires are also to be treated as direct evidence. *State* v. *Dragon, supra,* 135 Vt. at 38, 370 A.2d 218; *State* v. *Gignac,* 119 Vt. 471, 476, 129 A.2d 499 (1957). Other statements by him may have been taken by the jury as evidencing knowing participation in the larceny. It was not required, therefore, that the evidence exclude every reasonable hypothesis except that the defendant is guilty. That test applies when the proof is based on circumstantial evidence alone. *State* v. *Benoit,* 136 Vt. 431, 433, 392 A.2d 406, 407 (1978); *State* v. *Bourassa,* 137 Vt. 62, 68, 399 A.2d 507, 512 (1979).

But even if all the evidence is viewed in the light of the circumstantial evidence test, it is sufficient. Keeping in mind that the standard requires a reasonable hypothesis inconsistent with the defendant's guilt, the test is met. *State* v. *Bourassa, supra,* 137 Vt. at 68, 399 A.2d at 512. The possibility of fanciful, unreasonable or irrational explanations will not overthrow it. See *State* v. *Baker,* 115 Vt. 94, 98, 53 A.2d 53 (1947).

To begin with, we find that the trial court, early in its charge, listed among the essentials that the State must prove beyond a reasonable doubt, "That there was an intent on the part of the defendant to steal the property." The judge went on to carefully and extensively define that intent. This requirement remained in the charge.

At the end of the charge the judge added an instruction relating to the situation where two or more persons combine under a common understanding and with a common purpose to do an illegal act. The law is as he charged, that is that each is criminally responsible for the acts of each of the others who participate with him in the execution of the unlawful design. *State* v. *Sears,* 130 Vt. 379, 382, 296 A.2d 218 (1972).

Before submission of the case to the jury the defendant contended that the charge as given could be misleading to the jury in that it did not state that both the person doing the taking and the defendant had to have been shown to have the element of intent. The trial court gave a clarification that the

State must show all of the essential elements of the crime relative to the accomplice if the acts of the accomplice are to be chargeable to the defendant. No exception was taken to this supplemental charge. This is sufficient to make the claim of error unavailing. *State* v. *Stone*, 124 Vt. 215, 217, 201 A.2d 703 (1964); *Langevin* v. *Gilman*, 121 Vt. 440, 443, 159 A.2d 340 (1960).

In any event the charge is not subject to attack on the ground advanced. Not only was the need to establish larcenous intent in the defendant plainly stated, but it is effectively encompassed in the charge relating to a common criminal enterprise. The expressions "common understanding" and "common purpose" sufficiently indicate the necessary concurrence of intent, purpose and object of the activity to inform the jury that the element of intent must be common to all, even though the individual activities in furtherance of the criminal object may make only a partial or fractional contribution to the carrying out of the total purpose. The difference in result between a case such as *State* v. *Ballou*, 127 Vt. 1, 6, 238 A.2d 658 (1968), where presence was combined with knowledge, understanding and cooperation, and *State* v. *Mecier*, 126 Vt. 260, 262, 227 A.2d 298 (1967), where the evidence demonstrated affirmatively only a tangential presence and no knowledge or concurrence in a common undertaking highlights the effect of a mutually understood purpose. The evidence sustains a finding of such a purpose and understanding here, and the charge as given adequately expressed the application of that law to the circumstances.

*Judgment affirmed.*