**State of Vermont v. Stephen Michael Derouchie**

[440 A.2d 146]

No. 123-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 19, 1981

438

*Mark J. Keller*, Chittenden County State's Attorney, and *Robert V. Simpson, Jr.*, Deputy State's Attorney, Burlington, for Plaintiff.

*Andrew B. Crane*, Defender General, *William A. Nelson*, Appellate Defender, and *Ruth Ann Wishik*, Law Clerk (On the Brief), Montpelier, for Defendant.

Hill, J. The defendant, Stephen Derouchie, is appealing his conviction, after jury trial, of operating a motor vehicle without the owner's consent. We affirm.

## I.

At about 2:30 P.M. on November 26, 1979, a 1975 Dodge van owned by one Lesage was parked in front of Stech's Heating Supply Company at 236 South Champlain Street in Burlington. The keys were left in the van. When the owner left the store about 15 minutes later, the van was gone. He had not given permission for anyone to take it. After searching for awhile, he reported the disappearance to the police.

At about 4:00 P.M., the owner of the van and Bruce Stech, the owner of the Heating Supply Company, spotted the van in the K-Mart parking lot in South Burlington. A South Burlington police officer, Yvette Tatro, was called to the scene. The van was locked. To enter the van it was necessary to break the vent. Upon entering the van, they found the keys strewn along the floor in the front. Although they searched for the ignition key, they could not find it in the van. It was the only key missing. Mr. Lesage disabled the vehicle, and he went to his house to get a duplicate ignition key. The ignition key also operated the locks on the doors of the van.

Officer Tatro remained to watch the van. She was called to another matter and left the area for a time. She returned at 5:00 P.M. She saw a person in the van, sitting in the driver's seat, whom she apprehended. The person was the defendant. Mr. Lesage then searched the van, and discovered the ignition key on the floor.

The only error claimed by the defendant is that the trial court erred in denying the defendant's motions for judgment of acquittal where the State's evidence that the defendant operated the vehicle was entirely circumstantial and did not exclude reasonable hypotheses of innocence.

The defendant was seen walking slowly back and forth in front of the Stech store at about the time Mr. Lesage was in-

side the store. The identification was made by Mr. Bruce Stech and his brother, Thomas, a Colchester police officer then off duty. Further, a brother of Mr. Lesage saw the van between 3:00 P.M. and 4:00 P.M. being driven by one who fit the general description of the defendant; however, he could not specifically identify the defendant. He also testified that he saw no one else in the van.

Operation is an essential element in the crime created by 23 V.S.A. § 1094, and a conviction without that element is not supportable. *State* v. *Nicasio*, 136 Vt. 162, 163, 385 A.2d 1096, 1097 (1978). To test the trial court's denial of the defendant's motion to dismiss, and the sufficiency of the evidence to support conviction, we determine whether the evidence, when viewed in the light most favorable to the State, fairly and reasonably supports the finding of guilt beyond a reasonable doubt. *State* v. *Larose*, 138 Vt. 281, 285, 415 A.2d 210, 212 (1980). The evidence that identifies the defendant as the operator is circumstantial. Relying upon numerous decisions, the defendant asserts that when the verdict rests entirely upon circumstantial evidence, "the circumstances shown [must] exclude every reasonable hypothesis except that the defendant is guilty." *Id.* at 287, 415 A.2d at 213. The defendant offers two hypotheses which he claims do not exclude the innocence of the defendant as to operation. Neither are convincing. The first is not reasonable, and the second does no more than dispute the factual determination by the jury.

The defendant suggests that he may have observed another person take the van. Approximately two hours later, he saw the van at the K-Mart lot where he noticed someone (Lesage) breaking into it. He then entered the vehicle to investigate, and was apprehended. This hypothesis is not reasonable. It would have been an incredible coincidence for the defendant to have been at the sites of the van's disappearance and recovery. In addition, Lesage entered the van with the assistance of Officer Tatro, whose presence would have caused any observer to conclude that Lesage was authorized to enter the vehicle. Finally, this hypothesis becomes patently unreasonable when one considers that the ignition key was not in the van when Lesage and Tatro initially searched the vehicle, and only appeared after the defendant had been arrested while leaving

the van. The combination of these events precludes our finding this scenario to be a "reasonable hypothesis."

The defendant's second hypothesis is that he could have been a passive participant in the theft of the van and ridden in it as a passenger. He then offers the suggestion that he was riding in the rear of the van and was not seen by Lesage's brother. This hypothesis is really a challenge to the jury's factual conclusion. Lesage's brother said he saw no one other than the driver in the van. No attempt was made to challenge this through cross-examination. Thus, the uncontroverted evidence before the jury was that one person, who matched the defendant's description, was in the van when Lesage's brother witnessed its operation. The defendant's second hypothesis was thereby contradicted by factual evidence. There was no reasonable hypothesis of innocence, and, therefore, the trial court was correct in denying the motions for acquittal.

■ In this case, the trial court properly applied Vermont precedent in instructing the jurors that the evidence, because it was circumstantial on one element of the crime, must exclude every reasonable hypothesis of innocence. The foregoing analysis indicates that the instruction, the denial of a motion for acquittal, and the conviction itself, must each be affirmed. Yet, this result does not mask the confusion engendered by our law of circumstantial evidence and criminal convictions. We therefore take this opportunity to clarify Vermont's law on circumstantial evidence in criminal trials.

## II.

■ The primary evidentiary concern in each criminal case is that the State must prove each element of the offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970); *State* v. *Green*, 126 Vt. 311, 313, 228 A.2d 792, 794 (1967). The reasonable doubt standard raises two distinct questions. First, the trial judge (on a motion for acquittal) and the appellate court (on review of the conviction) must decide if there is a sufficient quantum of evidence on each element of the crime to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *Jackson* v. *Virginia*, 443 U.S. 307, 318–19 (1979). Second, the trier of fact must be properly advised of the reasonable doubt stand-

ard, and the application of that standard to the evidence at hand. See *Sandstrom* v. *Montana*, 442 U.S. 510, 524 (1979); *State* v. *Green, supra*, 126 Vt. at 313, 228 A.2d at 794. The former requirement refers to the quantum of evidence that is constitutionally required to support a conviction. The latter requirement focuses upon the instructions a lay jury must receive to assure their fidelity to constitutional standards. Vermont has always adhered to the reasonable doubt standard as the metric for evaluating criminal convictions. See, e.g., *State* v. *Green, supra*, 126 Vt. at 313, 228 A.2d at 794; *State* v. *Wilson*, 113 Vt. 524, 527, 37 A.2d 400, 401 (1944). The reasonable doubt standard has remained constant; it is the application of this standard to cases involving circumstantial evidence that has caused controversy.

Our decisions have differentiated circumstantial evidence from direct evidence. To apply the reasonable doubt standard in cases relying upon circumstantial evidence, we have injected an additional analytical step: the circumstantial evidence must exclude every reasonable hypothesis of innocence. Thus, we have held that there was a sufficient quantum of circumstantial evidence to satisfy the reasonable doubt standard when every reasonable hypothesis of guilt had been excluded. See, e.g., *State* v. *Larose, supra*, 138 Vt. at 285, 415 A.2d at 212–13; *State* v. *Benoit*, 136 Vt. 431, 432–33, 392 A.2d 406, 407 (1978). Additionally, we have required the trial courts to instruct jurors to this effect. See, e.g., *State v. Parker*, 139 Vt. 179, 182, 423 A.2d 851, 852 (1980); *State* v. *Bruce*, 126 Vt. 367, 370, 231 A.2d 107, 109 (1967). The theory of this additional analytical step has been that circumstantial evidence was less trustworthy than direct evidence. See Note, *The Circumstantial Evidence Charge in Texas Criminal Cases: A Retrograde Doctrine*, 55 Tex. L. Rev. 1255, 1255–58 (1977) (hereinafter *The Circumstantial Evidence Charge*). Thus, a "second test of strict scrutiny" was required to apply the reasonable doubt standard. *State* v. *Benoit, supra*, 136 Vt. at 432–33, 392 A.2d at 407. Although some decisions appear to equate the "exclusion of every reasonable hypothesis of innocence" with the reasonable doubt standard, see, e.g., *State* v. *Larose, supra*, 138 Vt. at 289, 415 A.2d at 214; *State* v. *Bean*, 77 Vt. 384, 406, 60 A. 807, 814 (1905), the concepts are funda-

mentally different. Reasonable doubt is the requisite standard of proof. "Exclusion of every reasonable hypothesis of innocence" is simply a method for evaluating whether the reasonable doubt standard has been met.

The utility of this method has been subject to severe criticism. First, as a device for judicial evaluation of the sufficiency of the evidence, the "exclusion of every reasonable hypothesis of innocence" test is premised upon a now suspect distrust of circumstantial evidence. See *State* v. *Larose, supra,* 138 Vt. at 290, 415 A.2d at 215 (Hill, J., dissenting); Note, *The Circumstantial Evidence Charge, supra,* 55 Tex. L. Rev. at 1255–60. The evidence in each case will differ. Yet, there are cases, such as the instant appeal, where circumstantial evidence is highly reliable. At times, direct evidence may be utterly insufficient. "In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities." *Holland* v. *United States,* 348 U.S. 121, 140 (1954). In determining whether there is sufficient evidence to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt, trial and appellate courts face a difficult task. Judicial scrutiny of evidentiary sufficiency requires courts to make complex, subjective decisions. This enterprise is ill served by reliance upon the discredited suspicion of circumstantial evidence. The proper focus of judicial review should be the quality and strength of the evidence, whether direct or circumstantial.

Second, criticism of special treatment of circumstantial evidence has been directed at the jury charge. Rather than assisting jurors in applying the reasonable doubt standard, the traditional circumstantial evidence charge has been condemned for having the opposite effect. By directing juror's attention to an additional, yet unnecessary, level of analysis, the circumstantial evidence charge serves only to confuse the real issue. See *State* v. *Larose, supra,* 138 Vt. at 290–92, 415 A.2d at 215–16 (Hill, J., dissenting) (citing *United States* v. *Becker,* 62 F.2d 1007, 1010 (2d Cir. 1933) (L. Hand, J.); 9 J. Wigmore, Evidence § 2497, at 318–20 (3d ed. 1940)). Jurors should never be deflected from the reasonable doubt standard

as the primary focus of their inquiry. Consequently, a confusing instruction can only damage their deliberation.

These concerns have contributed to a rejection of the "exclusion of every reasonable hypothesis of innocence" test by numerous courts. See *Holland* v. *United States, supra,* 348 U.S. at 139–40; *State* v. *LeClair,* 425 A.2d 182, 184 (Me. 1981); Note, *The Circumstantial Evidence Charge, supra,* 55 Tex. L. Rev. at 1260 n.45 (listing eleven state courts that rejected the rule between 1966 and 1976). We now join these authorities. There is only one standard of proof for criminal convictions, whether the evidence is direct, circumstantial, or a combination of both. The prosecution has the burden of proving each element of a crime beyond a reasonable doubt. The denial of a motion for acquittal and our evaluation of the sufficiency of the evidence on appeal is governed by the following standard: whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. See *State* v. *Larose, supra,* 138 Vt. at 285, 415 A.2d at 212–13. Trial judges should, of course, tailor their jury instructions to the requirements of each case. See *State* v. *McLaren,* 135 Vt. 291, 296, 376 A.2d 34, 38 (1977). This will require elaboration on the nature of the evidence confronting the jury, and may dictate elucidation of the distinction between circumstantial and direct evidence. The instructions, however, should never be confusing, and we therefore reject the "exclude every reasonable hypothesis of innocence" charge as a mandated instruction in circumstantial evidence cases.

Previously, this opinion reviewed the nature of the "exclude every reasonable hypothesis of innocence" test in Vermont jurisprudence, and concluded that the test was an analytical device intended to implement the reasonable doubt standard. Consequently, we disapprove any language in cases such as *State* v. *Larose, supra, State* v. *Benoit, supra,* and *State* v. *Bean, supra,* which indicated that the test was a substantive aspect of reasonable doubt review. We overrule cases such as *State* v. *Bruce, supra,* to the extent that they required trial courts to give the circumstantial evidence charge.

*Affirmed.*

446

Billings, J., concurring in part and dissenting in part. I concur in the majority opinion as to the proper burden of proof that the State must bear in circumstantial evidence cases and agree that the measure of proof is beyond reasonable doubt in both direct and circumstantial evidence cases (Part II of the majority opinion).

I must, however, dissent from the result reached by the majority. In my opinion on the record here the State as a matter of law failed to prove beyond a reasonable doubt the operation of the motor vehicle by the defendant. Because this is an essential element in a charge of operating a motor vehicle without the owner's consent, I would reverse the defendant's conviction and enter a judgment of acquittal.