# State of Vermont v. Gary D. Fuller

[479 A.2d 173]

No. 82-484

Present: Hill, Underwood, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 8, 1984

.. *William E. Kraham,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*William M. McCarty,* Brattleboro, for Defendant-Appellant.

**Hill, J.** The defendant appeals his conviction for violating 23 V.S.A. § 1201(a)(2). We affirm.

The defendant was charged with operating a motor vehicle while his blood contained .10 percent or more by weight of alcohol in violation of 23 V.S.A. § 1201(a)(1), and with operating a motor vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). At trial the State offered evidence that the defendant had caused a car accident while driving in an intoxicated state. The defendant was arrested at a friend's house an hour and a half after the accident. The jury acquitted the defendant of the charge under § 1201(a)(1) but convicted him of violating § 1201(a)(2). After the verdict the defendant filed a motion to strike the verdict under V.R.Cr.P. 34, claiming that the State improperly charged him with more than one offense under § 1201 arising out of the same incident.* The motion was denied by a judge who had not presided at the defendant's trial. At the sentencing, the trial judge affirmed the ruling on the motion made by the substitute judge, and then entered judgment and sentenced the defendant.

I.

The defendant's first claim is that the State did not produce sufficient evidence to prove beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor when he was driving his car. About two hours after

---

* It should be noted that the defendant's counsel incorrectly stated the law in his motion. Prior to 1981, § 1201(a)(3) stated that "[a] person may not be charged with more than one offense under this section arising out of the same incident." However, § 1201(a) was amended in 1981 to read that "[a] person may not be *convicted* of more than one offense under this section arising out of the same incident." 23 V.S.A. § 1201(a)(4) (emphasis added). Thus, since the incident in this case occurred in 1982, after the 1981 amendment to § 1201 became operative, the State was within its power in charging the defendant with violations of both §§ 1201(a)(1) and 1201(a)(2). The judge who ruled on the defendant's motion correctly stated the law in denying the motion.

the accident, the defendant was given a breath test, which showed an alcohol content of .22 percent. The defendant claims that the alcohol content in his blood resulted from the fact that he had been drinking *after* the accident; he insists that the State did not prove he was under the influence *at the time* of the accident.

The test for evaluating the sufficiency of the evidence produced at trial is "whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State* v. *Derouchie,* 140 Vt. 437, 445, 440 A.2d 146, 150 (1981).

After reviewing the transcript of the trial, we conclude that the State produced sufficient evidence to convince a reasonable trier of fact beyond a reasonable doubt that the defendant was driving while under the influence of alcohol. First, the State introduced evidence that the defendant had purchased liquor about two hours before the accident; the liquor store cashier testified that he smelled alcohol on the defendant's breath when he sold liquor to the defendant. The State also introduced the testimony of two people who had witnessed the accident. Both witnesses testified as to the time and location of the accident; positively identified the defendant's car as the car that caused the accident; identified the defendant as the driver of the car; and testified that the defendant was driving on the wrong side of the road and was weaving back and forth along the road both prior to and after the accident. The police officer who arrested the defendant an hour and a half after the accident testified that the defendant had red, watery eyes and had difficulty maintaining his balance. The chemist who analyzed the defendant's breath test testified that, given a blood alcohol level of .22 percent two hours after the accident, the defendant could have had a blood alcohol content of .26 at the time of the accident. Finally, the defendant admitted that he had had some beer to drink some time prior to the accident. We think that the State produced sufficient evidence for a jury to conclude beyond a reasonable

doubt that the defendant was operating a motor vehicle while under the influence of intoxicating liquor.

## II.

The defendant's second argument is that the denial of the defendant's post-trial motion by a judge who did not preside at the trial constitutes glaring error and requires dismissal of the charges. We disagree.

The record in this case does not reveal why the judge who presided at trial and at the sentencing did not rule on the defendant's post-trial motion. However, V.R.Cr.P. 25 provides a mechanism for substitution of judges when necessary:

> If by reason of death, sickness, or other disability or unavailability, the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict of guilty, then a Supreme Court Justice, a Superior Judge, or District Judge designated by the Administrative Judge may perform those duties; but if such other judge designated is satisfied that he cannot perform those duties because he did not preside at the trial, or for any other reason, he may in his discretion grant a new trial.

V.R.Cr.P. 25(b).

There may be situations in which a substitute judge should not exercise post-trial powers under Rule 25. For instance, it may be problematic for a substitute judge to act on a motion for a new trial if the evidence at the trial was conflicting or if the credibility of the witnesses was an important issue. 2 C. Wright, Federal Practice & Procedure § 393 (1982). The substitute judge must exercise discretion in determining whether he or she can perform adequately the duties of the trial judge. *Id.*; see V.R.Cr.P. 25(b).

The substitute judge in this case did not abuse his discretion in ruling on the defendant's post-trial motion. The defendant filed his motion under V.R.Cr.P. 34. Rule 34 allows a defendant to move for the arrest of judgment "if the indict-

ment or information does not charge an offense or if the court was without jurisdiction of the offense charged." V.R.Cr.P. 34. Rule 34 deals only with defects contained in the record. By definition, the defendant's motion under Rule 34 did not contain any factual issues that would require the substitute judge to be familiar with the evidence presented at trial. The substitute judge properly exercised his power under V.R.Cr.P. 25(b) to rule on the defendant's motion.

*Affirmed.*

