JOURNAL ENTRY AND OPINION
{¶ 1} Appellant James Jones appeals his drug convictions and assigns the following errors for our review:
 "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction."
 "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Jones' convictions. The apposite facts follow.
 {¶ 3} On December 8, 2006, the Cuyahoga County Grand Jury indicted Jones for one count each of drug possession, drug trafficking with one-year firearm specification, having a weapon while under disability, and possessing criminal tools. At his arraignment, on December 13, 2006, Jones pleaded not guilty to the charges. On April 23, 2007, Jones executed a written and oral jury waiver regarding the charge of having a weapon while under disability. On the same day, a jury trial commenced on the remaining three charges.
 Jury Trial {¶ 4} State witnesses, Cleveland police officers Jeffrey Yasenchack and Antonio Taylor, both veterans with the department, arrested James Jones for drug-related crimes. They observed Jones exit a vehicle after his vehicle had collided with another vehicle.
 {¶ 5} After the collision, Jones attempted to flee the officers, but Yasenchack chased him. During which time the officer observed Jones with a black and silver handgun. Jones discarded the handgun in a mulched area at a nearby house. The officer eventually caught him *Page 3 
and arrested him. After searching Jones, the officer recovered suspected crack cocaine, $940 in cash, and a cell phone.
 {¶ 6} At trial, the officers both testified that in their nine years with the department, Jones appeared to them to be a drug trafficker. The seized money was in small denominations. The multiple rocks of crack were in a bag, and the suspect had a weapon, which the officer retrieved from the yard where he saw Jones throw the weapon. The drugs tested positive for cocaine with a weight of 9.47 grams. The weapon was determined to be operable.
 {¶ 7} The jury found Jones guilty of all counts, along with the firearm specifications. The trial court also found Jones guilty of having weapons while under disability. The trial court sentenced Jones to prison terms of one year for the firearm specifications and consecutive to three-year concurrent sentences for the charges tried to the jury. The trial court also sentenced Jones to a one-year concurrent prison term for having weapons under disability.
 Sufficiency of Evidence {¶ 8} In the first assigned error, Jones argues the trial court erred in denying his motion for acquittal, because the State failed to provide sufficient evidence to sustain his convictions. We disagree. *Page 4 
 {¶ 9} The sufficiency of the evidence standard of review is set forth in State v. Bridgeman:[1]
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[2]
 {¶ 10} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks, [3] in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 11} In the instant case, Jones specifically contends that the State failed to establish that he was engaged in drug trafficking. We are not persuaded. *Page 5 
 {¶ 12} R.C. 2925.03 provides:
 "(A) No person shall knowingly do any of the following:
 "* * *
 "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 13} Initially, we note that a charge of drug trafficking can be sufficiently supported by circumstantial evidence.[4] It is also now well established that circumstantial evidence and direct evidence inherently possess the same probative value.[5] In some instances certain facts can be established only by circumstantial evidence. Since circumstantial evidence and direct evidence are indistinguishable so far as the fact-finding function is concerned, all that is required of the fact-finder is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Nothing more should be required of a fact-finder.[6]
 {¶ 14} Here, the circumstantial evidence was overwhelming that the drugs Jones possessed were intended for sale or resale. The jury weighed the following evidence and found Jones guilty beyond a reasonable doubt. Both officers testified that a typical drug user *Page 6 
would not possess the twenty to thirty rocks of crack, which Jones possessed. The officers also testified that it was highly unusual for a drug user to carry large amounts of cash. Officer Taylor testified that he had never encountered a drug user with $930 in his pockets, the amount recovered from Jones. Officer Taylor testified that the money recovered from Jones was in small denominations and small bills made it easier to facilitate the street-level drug transactions. Finally, the officers testified that it was a common practice for individuals engaged in drug trafficking to carry a firearm to protect themselves against rival drug traffickers.
 {¶ 15} Our independent review of the record before us indicates Jones' conviction for drug trafficking and criminal tools was supported by reliable, substantial, and probative evidence. Accordingly, we overrule Jones' first assigned error.
 Manifest Weight {¶ 16} In the second assigned error, Jones argues his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 17} In State v. Wilson, [7] the Ohio Supreme Court recently addressed the standard of review for a criminal manifest weight challenge, as follows:
 "The criminal manifest-weight-of-the-evidence standard was explained in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. In Thompkins, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the *Page 7 evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. `When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.' Id. at 387, 678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652."
 {¶ 18} The manifest weight of the evidence was that Jones was trafficking.
 {¶ 19} He possessed a large amount of crack cocaine, money, and a weapon. These items together support the jury's verdict; the jury did not lose its way. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure
 SEAN C. GALLAGHER, P.J., CONCURS; MELODY J. STEWART, J., CONCURS *Page 8 
IN JUDGMENT ONLY
[1] (1978), 55 Ohio St.2d 261, syllabus.
[2] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23;State v. Davis (1988), 49 Ohio App.3d 109, 113.
[3] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[4] State v. Wallace, Cuyahoga App. No. 85541, 2005-Ohio-4397.
[5] State v. Jenks (1991), 61 Ohio St.3d 259.
[6] See State v. Derouchie (1981), 140 Vt. 437, 444-445, 440 A.2d 146,149; State v. Gosby (1975), 85 Wash.2d 758, 539 P.2d 680; and State v.Roddy (R.I. 1979), 401 A.2d 23.
[7] 113 Ohio St.3d 382, 2007-Ohio-2202. *Page 1