### State of Vermont v. Robert Leo Colby

[443 A.2d 456]

No. 376-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

*Christopher Baril,* Rutland County Deputy State's Attorney, Rutland, for Plaintiff.

*Martin & Paolini,* Barre, for Defendant.

**Peck, J.** Defendant Robert Leo Colby was tried by jury and convicted of retail theft of merchandise in violation of 13 V.S.A. § 2575 (1). The retail value of the goods taken was in excess of $100.00; the offense was therefore a felony. 13 V.S.A. §§ 1, 2577 (c). He instituted a timely appeal to this Court; we affirm.

The record on appeal discloses that at approximately three o'clock on the afternoon of May 7, 1980, a security officer of the Zayre Department Store in Rutland, Vermont, observed defendant pushing a shopping cart containing store merchandise which subsequently proved to be two tents and a tackle box and its contents out of the sporting goods section of the store. The officer followed him as he continued towards the rear of the store, away from the cash registers, and out into the adjoining parking lot through one of the "in" doors.

An intra-store phone check by the officer with the cashiers and the credit office revealed that the described merchandise had not passed through any of the registers, nor had any such sale been made through the credit office. If this testimony by the officer might have been objectionable as hearsay, no objection was made. Accompanied by another employee the officer followed defendant and brought him back with the suspect merchandise into the store's security office.

Under questioning defendant maintained he had purchased the merchandise. His statement as to the price paid however was considerably below the list price, he was unable to produce a sales slip, claiming it had been blown away, and was uncertain of the checkout register where he said he had paid for the goods. Finally he claimed a blue "paid" sticker had been affixed by the cashier to the boxes containing the tents, whereas the stickers used by the store were orange, and no stickers of any color were found on the boxes.

At the close of the State's case, defendant moved for a judgment of acquittal, stating as his grounds that the prosecution had failed to prove he had taken the merchandise without paying the retail price. The motion was denied, to be renewed by defendant following the verdict of guilty, and

again, accompanied by a motion for a new trial, within the time permitted by the controlling rules. V.R.Cr.P. 29 and 33. Both motions were heard and denied by the trial judge.

Defendant came before the court for sentencing on October 17, 1980. At that time the trial judge was unavailable (the reason does not appear on the record), and another district judge was present. Before acting, however, the judge offered to defer sentence until the trial judge could be present. The offer was declined by counsel with the express concurrence of defendant, and sentence was duly imposed.

Two issues are raised by this appeal. We consider them in the order presented.

Defendant claims error in the trial court's denial of his motion for acquittal. He contends the State failed to present direct evidence on the essential element of nonpayment.

If the essential elements of every crime had to be proved by direct evidence, there would be few convictions, if any, except of the most bumbling or unpracticed perpetrators. Most premeditated crimes are, by their very nature, creatures of stealth, deception, and darkness; conditions of concealment and silence are often essential to success. The eyewitness or other person capable and willing to give direct evidence for the prosecution is not included among the wrongdoer's *dramatis personae* when the deed is planned. Accordingly, circumstantial evidence is a virtual necessity in many criminal cases, particularly so, we think, because it is in the more serious crimes that direct evidence is often unavailable.

In discussing the admissibility of circumstantial evidence in a 1908 case, this Court said: "Great latitude is allowed in [its] reception, and everything that tends to connect the supposed evidentiary fact with the *factum probandum,* is admissible to prove that fact." *State* v. *Ryder,* 80 Vt. 422, 426, 68 A. 652, 654 (1908). Moreover, many of the apprehensions that once surrounded circumstantial evidence have been largely exploded today, to the point that direct and circumstantial evidence stand virtually on an equal footing. It is no longer necessary, for example, that a trial judge deliver the so-called circumstantial evidence charge to the jury, *State* v. *Derouchie,* 140 Vt. 437, 445, 440 A.2d 146, 150 (1981). As long ago as 1888 a lower court was affirmed here after the

trial judge told the jury "that many great jurists have pronounced [circumstantial evidence] 'of a nature equally satisfactory with positive evidence and less likely to proceed from perjury.'" *State* v. *Ward,* 61 Vt. 153, 189, 17 A. 483, 489 (1888).

■ We had thought it a well-established principle, but if there remains any lingering doubt, let it be laid to rest now: the guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if that evidence is otherwise proper. See, e.g., *State* v. *Poyner,* 306 N.W.2d 716, 718 (Iowa 1981); *State* v. *Turner,* 29 Wash. App. 282, 627 P.2d 1324, 1329 (1981); *Parks* v. *Commonwealth,* 221 Va. 492, 270 S.E.2d 755, 759 (1980).

■ In the matter before us, the circumstantial evidence pointing to defendant's guilt, including the element of nonpayment, was extensive and telling; it was more than sufficient to justify the verdict. The motions for acquittal and for a new trial were properly denied.

The second issue raised by defendant claims the sentencing judge erred in entering judgment on the verdict and imposing sentence regardless of the fact that he had not presided at the trial.

In his brief defendant cites cases from several jurisdictions including the federal courts which, without more, tend to support his position. He is, perhaps, somewhat less than candid however, since he makes no reference in the argument or in his statement of the case contained in his brief to what we conclude is the key circumstance here.

Defendant not only failed to raise any timely objection to sentencing by the successor judge, *Commonwealth* v. *Clay,* 224 Pa. Super. 461, 463–64, 307 A.2d 341, 343 (1973), the judge himself offered to defer sentencing until the trial judge was again available. In the face of this offer defendant's counsel waived that right, if such it was, on his client's behalf and in his presence. The question was then addressed directly to the defendant who indicated no objection and acknowledged his understanding.

■ This Court has stated: "The general rule appears to be, that absent authority by constitution, statute or court rule,

a successor judge has no power to enter a judgment where testimony has been taken before his predecessor *unless the parties consent." Atlas Financial Corp.* v. *Oliver,* 129 Vt. 216, 219, 274 A.2d 687, 689 (1971) (emphasis added).

Applying this rule to the case before us, we hold that by failing to object to the entry of judgment and the imposition of sentence by the successor judge, and through his own expressed statement of understanding, as well as the waiver by his counsel on his behalf and in his presence, defendant cannot now perform a nimble *volte face* and put the court in error for an act to which he consented, and in view of which we hold there was no error.

*Judgment affirmed.*