## State of Vermont v. Gerald Kirby

[465 A.2d 1369]

No. 82-404

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*Susan L. Fowler*, Chittenden County Chief Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Blum Associates, Inc.*, Burlington, for Defendant-Appellant.

**Hill, J.** Defendant was convicted after trial by court of knowingly operating a motor vehicle to which an unassigned certificate of inspection was attached, 23 V.S.A. § 1223, and of operating a motor vehicle on the left side of the road, 23 V.S.A. § 1031 (a). He appeals both convictions. We affirm.

On March 13, 1982, defendant, while operating his wife's 1976 Subaru, approached a sharp right curve on Miles Point Road in Colchester, Vermont. After negotiating the curve, defendant's car struck the left rear quarter-panel of an oncoming vehicle on the opposite side of the road. The road was unpaved, without painted centerlines, and its precise width was never established at trial. However, the trial court did find, based on the investigating officer's testimony and the physical evidence introduced at trial, that the road was wide enough to allow safe passage of oncoming vehicles, and that defendant's vehicle crossed over the crown of the road when it struck the other vehicle.

Upon his arrival at the scene of the accident, the investigating officer noticed an invalid inspection sticker scotch-taped to the windshield of defendant's vehicle. Specifically, the blank sticker was torn down the middle and had no identification markings as to its place and date of issuance. Although defendant denied having any knowledge of the invalid sticker, he did state that his wife usually had the vehicle inspected at a local service station. At trial, the service station's manager denied ever having issued a sticker in such a condition.

Following the close of the State's case, and again at the end of the trial, defendant unsuccessfully moved for a judgment of acquittal on both charges. V.R.Cr.P. 29. On appeal, he essentially challenges the sufficiency of the evidence to support the convictions. When faced with such a challenge, the standard of review is " 'whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a rea-

sonable trier of fact that the defendant is guilty beyond a reasonable doubt.' " *State* v. *Billado,* 141 Vt. 175, 189, 446 A.2d 778, 786 (1982) (quoting *State* v. *Derouchie,* 140 Vt. 437, 445, 440 A.2d 146, 150 (1981)). We take defendant's claims in order.

23 V.S.A. § 1031(a) provides in pertinent part that "[u]pon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway . . . ." Given the clear language of the statute, the State, in order to establish a violation of 23 V.S.A. § 1031(a), must prove that defendant operated his vehicle on the left side of the road. Defendant contends that since the evidence was uncontroverted that the road was unpaved, unmeasured, and without a clearly marked centerline, there was no basis for the trial court's findings that he was on the opposite side of the road. We disagree.

Our review of the record reveals that the accident victims testified that at the time of the accident defendant's car swerved into their lane as it rounded the curve while their car was well within its own lane. In addition, the investigating officer testified: (1) that the road was wide enough to permit two cars safely to pass each other; (2) that debris from defendant's car was found at the point of impact on the left side of the road; and (3) that a skid mark was found which began on the right side of the road, crossed the crown, and ended at the point of impact. Given the sufficiency of evidence to support defendant's conviction of violating 23 V.S.A. § 1031(a), his first claim must fail.

With regard to the second conviction, 23 V.S.A. § 1223 provides in part that "[a] person shall not knowingly operate a motor vehicle . . . to which a certification of inspection is affixed if the certification of inspection was not assigned by an official station to that vehicle . . . ." Defendant insists that the State failed to establish that he "knowingly" operated a motor vehicle with an improper inspection sticker. We have consistently noted that "[c]riminal intent is not the secret intent of the defendant, but that intent which can be determined from his conduct and all the other circumstances which surround it." *State* v. *Riley,* 141 Vt. 29, 33–34, 442 A.2d 1297, 1299 (1982) ; *State* v. *Godfrey,* 131 Vt. 629, 630, 313 A.2d 390,

391 (1973). The surrounding circumstances upon which the trial court found the requisite element of intent were as follows. Defendant was operating a vehicle which was registered to his wife. The invalid inspection sticker was taped, in plain view, in the center of the front windshield. The sticker was ripped and its back side (facing the driver) was completely devoid of any markings indicating the date or place of issuance. Nor did the sticker show the month of next inspection, as required by 23 V.S.A. § 1222. From the foregoing, we conclude that there was ample circumstantial evidence from which the trial court could infer that defendant knew of the invalidity of the affixed sticker. See *State* v. *Derouchie, supra.*

Having failed to establish reversible error on the part of the trial court, defendant's convictions must be affirmed.

*Affirmed.*