## State of Vermont v. Virginia Campbell

[497 A.2d 375]

No. 83-276

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 31, 1985

*William E. Kraham*, Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*O'Connor & Morse*, Brattleboro, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant Virginia Campbell from a conviction, after a trial by court, of careless and negligent operation of a motor vehicle, 23 V.S.A. § 1091(a), and leaving the scene of an accident, 23 V.S.A. § 1128(a). Defendant claims the trial court erred (1) in admitting evidence concerning the identity of her vehicle, and (2) in denying her motion for acquittal on the grounds of insufficiency of the evidence. We affirm.

The trial court found the facts as follows. On November 23, 1982, defendant was driving her car on High Street in Brattleboro, in a busy, highly populated area of town. An orange and white striped barricade had been placed near the centerline of High Street, at its intersection with Forest Street, to guard an open manhole. A town water department truck was parked near the barricade with its four-way flashers and yellow strobe lights in full operation.

As defendant's car approached the manhole she swerved to the left in an unsuccessful attempt to avoid the barricade. The right front portion of her vehicle struck the barricade, a broken part of which struck and slightly injured a town employee who was working at the site. The defendant continued on without stopping, rendering aid or reporting the accident.

Three eyewitnesses to the accident: the injured worker, a coworker, and a bystander, all testified at trial, without objection, that a fourth eyewitness named Ann Egbert (Egbert), who was unavailable to testify at trial, had taken the registration plate number of the accident vehicle and told them what it was. This information was subsequently furnished to the investigating police officer by one of the eyewitnesses other than Egbert; the officer testified to the same effect, also without objection, as to the source of his knowledge of the plate number. This information enabled the officer to run a check on the number and by so doing he identified the defendant as the owner of the accident vehicle.

Based on the above information the officer went to defendant's home where he observed a steel-blue or gray car with Vermont registration plates parked in a carport. His inspection of the vehicle disclosed a streak of orange paint, similar in color to that used on the barricade, on the right side of the front fender. Defendant's ownership of the car is not in dispute; however, although she admitted to the officer that she had been driving the car "within the last hour" and had seen the barricade, she denied hitting anything.

The State charged defendant with operating her motor vehicle in a careless and negligent manner, 23 V.S.A. § 1091(a), and leaving the scene of an accident, 23 V.S.A. § 1128(a). After presentation of evidence by the prosecution, defendant moved for a judgment of acquittal claiming there was insufficient evidence to show that the defendant was operating the car involved in the accident. The court denied defendant's motion and convicted her on both counts.

## I.

Defendant's first claim of error relates to the testimony of the out-of-court statements allegedly made by Egbert relating to the registration plate number of the accident vehicle. She argues that these statements were inadmissible hearsay evidence, V.R.E. 802, and that their admission constituted reversible error.

We noted above that defendant made no objection in the trial court to the testimony challenged here on appeal for the first time. Under such circumstances, reversal is required *only* if "we find that plain error occurred in the [trial] court's failure to exclude [the testimony] sua sponte." *State* v. *DeJoinville*, 145 Vt. 603, 605, 496 A.2d 173, 174-75 (1985); V.R.Cr.P. 52(b). We will find plain error only in those rare and extraordinary cases where the error is both obvious and strikes at the very heart of the defendant's constitutional rights or results in ·a miscarriage of justice if we do not recognize it. *DeJoinville, supra.* In the instant case, even if the challenged testimony was hearsay and its reception was error at all, which we do not decide, we find no plain error. By failing to object to the challenged testimony, the defendant has waived whatever claim of error she may have had. *Id.*

## II.

At the close of the evidence, defendant moved for a judgment of acquittal. The second claim of error presented by defendant challenges the denial of the motion by the trial court. The test to be applied in resolving such an issue is whether the prosecution has introduced evidence fairly and reasonably tending to show the defendant's guilt, *State* v. *Poirier*, 142 Vt. 595, 599, 458 A.2d 1109, 1111 (1983); whether the trier of fact, in evaluating that evidence, would be justified in finding guilt beyond a reasonable doubt. *Id.*

28

In support of defendant's claim, she states that the prosecution presented no direct evidence identifying her as the operator of the accident vehicle. She argues that the evidence was insufficient to support the court's finding of guilt beyond a reasonable doubt. We disagree.

The evidence has been summarized above in our statement of facts. It is not necessary to restate those facts at this point.

■ We agree with defendant that there is no *direct* evidence which served to place defendant in her car or as its driver at the time of the accident. However, this Court has held that in a criminal case guilt may be established by circumstantial evidence alone, if it is otherwise proper. *State* v. *Colby*, 140 Vt. 638, 642, 443 A.2d 456, 457 (1982). Further, circumstantial evidence can be used to meet the standard by which we evaluate the sufficiency of the evidence. *State* v. *Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981). When viewed in the light most favorable to the State, *State* v. *Lupien*, 143 Vt. 378, 381, 466 A.2d 1172, 1174 (1983), we hold that the evidence here was sufficient to convince a reasonable trier of fact that the defendant was guilty beyond a reasonable doubt. *Derouchie, supra.*

*Affirmed.*