# State of Vermont v. Tony E. Byrne

[542 A.2d 667]

No. 85-262

Present: Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed January 22, 1988

*Joel W. Page*, Lamoille County State's Attorney, and *Thomas D. Anderson*, Deputy State's Attorney, Hyde Park, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant was convicted, after a jury trial in the Lamoille District Court, of two violations of the state motor vehicle code. The first conviction was for operating a motor vehicle while under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201. The second conviction was for operating a motor vehicle while his license was under suspension (DLS), in violation of 23 V.S.A. § 674. He appeals both convictions. We affirm.

Defendant's convictions stem from his arrest in the Village of Stowe on July 6, 1984. On the date in question, the Stowe Police Chief observed his vehicle traveling at an excessively slow rate of speed, leading a line of twelve cars, and traveling erratically. The chief radioed to an officer who positioned himself, roadblock fashion, at a point north of the defendant's vehicle.

As defendant's vehicle neared—still proceeding slowly and erratically—the officer activated the blue lights on his cruiser and stood in the roadway, signaling for him to stop. Defendant ignored the signal to stop and continued past the officer. At that point, the officer observed that defendant was driving the vehicle. Defendant stopped the vehicle a short distance to the north and attempted to change positions with a passenger in the vehicle.

When the officer reached the defendant, he placed him under arrest, handcuffed him, and placed him in the police cruiser. Defendant appeared to be intoxicated so that his speech was slurred and unintelligible.

While still in the cruiser, defendant was questioned by the officer and was asked to identify himself. At first he refused, but then complied when he was told that further charges could be brought if he did not answer. In response to questions, he gave his name and date of birth and indicated that he did not think that his license was under suspension. At some point, he apparently stated that he had not been driving the vehicle. The officer ran a license check and found that defendant's operating privileges were suspended. He was then taken to the police station.

At the police station, defendant was processed for DUI. He was read his rights under the implied consent law, 23 V.S.A. § 1202, and was permitted to telephone an attorney. He then refused to submit to a breath test, at which point he was read his *"Miranda"* rights.

At his arraignment defendant moved to suppress all evidence obtained against him. He argued that the stop leading to the ar-

rest was unlawful and, thus, any evidence obtained as a result was inadmissible as the fruit of an illegal stop. His principal claim was that the arresting officer had violated his right to be protected against unreasonable search and seizure as guaranteed by the Fourth Amendment of the United States Constitution and Chapter I, Article 11 of the Vermont Constitution. Additionally, he argued that his responses to questions asked prior to the receipt of *Miranda* warnings should be suppressed because his right to remain silent had been violated. Finally, he argued that he had been denied his right to consult freely and confidentially with an attorney because both the police chief and the arresting officer were seated at the same table as defendant while he spoke with his attorney by telephone. Because of the violation of his right to counsel, he claimed that his refusal to submit to a breath test should be suppressed.

Defendant's motion to suppress was denied, and the court found that he had refused to submit to a test under 23 V.S.A. § 1205(a). In regard to the motion to suppress, the judge determined that "[u]nder the totality of the circumstances, [the] officer had probable cause to stop the defendant's vehicle and [the] only statements made by the defendant were the result of on-the-scene questioning." The judge also found that "defendant was given and understood his rights under The Implied Consent Law and *Miranda*," and that the request to submit to a breath test was reasonable, and that "defendant refused to submit with knowledge and understanding of the consequences."

At trial, testimony was introduced about defendant's refusal to submit to a breath test, and the prosecution argued to the jury that the refusal was evidence of consciousness of guilt. Testimony was also introduced about statements made by him after his arrest but prior to his receipt of *Miranda* warnings.

On appeal, defendant raises four arguments. First, defendant contends that the police violated his right to consult freely and confidentially with an attorney by remaining in close proximity to him during his telephone conversation with counsel. Second, defendant claims that the trial court erred in refusing to suppress his post-arrest, pre-*Miranda* statements to police. Third, defendant contends that evidence of his failure to give police an exculpatory account of his conduct was improperly admitted at trial and violated his constitutionally guaranteed right against self-incrimination. Finally, defendant argues, as an independent alter-

native basis for reversal, that the trial court failed to state material findings of fact in its denial of his motion to suppress.

■  Defendant's first claim of error fails because it has not been properly preserved for appeal. See *State* v. *Campbell*, 146 Vt. 25, 27, 497 A.2d 375, 377 (1985); *State* v. *Boucher*, 144 Vt. 276, 282, 478 A.2d 218, 222 (1984); *State* v. *Durling*, 140 Vt. 491, 496-97, 442 A.2d 455, 458 (1981). Absent error affecting "substantial rights" of a defendant, V.R.Cr.P. 52(b), or resulting in a "miscarriage of justice if we do not recognize it," *State* v. *Campbell*, 146 Vt. at 27, 497 A.2d at 377, this Court will not review, for the first time on appeal, issues that have not been raised at the trial level and preserved for review. At trial, defendant did not object to the introduction of evidence of his refusal to submit to a breath test. Nor was there an objection to the charge on this point. In fact, at no point did defendant, with any degree of particularity, call to the attention of the trial judge any interference with his right to consult freely and confidentially with an attorney about the breath test.

■  Defendant argues that he preserved the issue at his suppression hearing. The record indicates that he did argue at the hearing that his right to consult with counsel had been impaired. However, our rule is that when a different judge presides at trial than did at the suppression hearing, efforts to exclude evidence must be renewed at trial in order to provide the trial judge an opportunity to rule on the admissibility of the evidence. *State* v. *Senecal*, 145 Vt. 554, 558, 497 A.2d 349, 351 (1985). In the instant case, different judges presided over the suppression and refusal hearing and the trial. Thus, defendant's actions at the suppression hearing are not determinative. He must fairly apprise the trial judge of the nature and scope of his objection to the testimony about his refusal to submit to a breath test. *Id.*

The only occasion at trial where defendant arguably attempted to preserve the issue occurred at the close of the State's case. At that point, defendant moved that all the State's evidence be struck because "the stop basically was illegal." Counsel also stated that the defense wished to renew all arguments raised at the suppression hearing. This action was untimely, however, as the testimony involved had been introduced without defense objection. See *State* v. *Durling*, 140 Vt. at 497, 442 A.2d at 458 ("Trial counsel share the responsibility of calling attention to trial error when it takes place so that, if possible, the error may

be overcome and the proceedings be a fair adjudication of the issues as between the defendant and the people of the state."). Further, the motion lacked the necessary particularity to inform the trial judge of the grounds for the proposed action.

Because the defendant has failed to preserve his right to counsel claim below, he can obtain a reversal in this Court only if "plain error" was involved. A review of the trial transcript fails to indicate plain error on the part of the court because the testimony in question in no way suggests any constitutional infirmities at its source. See *State* v. *Boucher*, 144 Vt. at 286, 478 A.2d at 224 (Court must find "glaring error" before an issue will be considered for the first time on review); see also *State* v. *Gilman*, 145 Vt. 84, 88, 483 A.2d 598, 600 (1984) (even where a defendant raises the issue of the violation of a constitutional right, "unless that alleged violation rises to the level of plain error, it can be waived by failing to raise it at the appropriate time."); *In re Raymond*, 137 Vt. 171, 178, 400 A.2d 1004, 1008 (1979) ("Even well established constitutional rights can be waived by failure to raise them.").

Thus, having failed to preserve the issue for appeal, and having failed to demonstrate trial court error affecting "substantial rights" of the defendant, V.R.Cr.P. 52(b), or resulting in a "miscarriage of justice if we do not recognize it," *State* v. *Campbell*, 146 Vt. at 27, 497 A.2d at 377, defendant will not now be heard to argue on the merits of this first issue.

Second, defendant contends that the trial court erred by not suppressing statements made by the defendant to police after the arrest, but prior to *Miranda* warnings. There is no question in this case but that when defendant was removed from the automobile, handcuffed, and told that he was under arrest, he was in police custody and entitled to the "full panoply of protections prescribed by *Miranda*." *Berkemer* v. *McCarty*, 468 U.S. 420, 440 (1984). Further, it is clear that defendant was questioned and that he provided information prior to receiving *Miranda* warnings. Defendant argues that the use of this information at trial was reversible error.

Defendant has failed to preserve this issue for review. The information defendant finds offensive was introduced without objection after the door was effectively opened by defense counsel's cross-examination of one of the State's witnesses. See *State* v. *Messier*, 146 Vt. 145, 152-53, 499 A.2d 32, 38 (1985). During cross-

examination, defense counsel questioned the arresting officer about certain statements made by defendant after he was placed under arrest. On redirect, the State pursued this line of questioning without objection by the defense. It was at this time that the State questioned the officer about defendant's post-arrest statements. Defendant is properly precluded from seeking reversal based on a line of questioning initiated by defense counsel and then continued by the State without objection. See *id.*

As with the first issue, the defense again raised the suppression issue at the close of the State's case. By this time, the motion was untimely and certainly could not be used to contest evidence that the defense had essentially invited by its own cross-examination. Thus, defendant's second argument for reversal fails.

■ Defendant's third argument is related to the second. Defendant claims that the trial court improperly allowed the arresting officer to testify about his failure to make exculpatory statements while in custody. The rule is well settled that once a suspect is taken into custody and comes under the protection of *Miranda*, not only may the individual choose to remain silent, but such silence cannot be later used by the prosecution against him at trial. *Miranda* v. *Arizona*, 384 U.S. 436, 468 n.37 (1966); *State* v. *Mosher*, 143 Vt. 197, 204-05, 465 A.2d 261, 265 (1983). In the *Miranda* decision, the United States Supreme Court stressed that "it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." *Miranda*, 384 U.S. at 468 n.37.

Defendant contends that the State violated the rule on redirect examination. However, he has not fairly demonstrated that there was any use of post-*Miranda* silence, and a review of the transcript does not suggest otherwise.

As the arresting officer appears only to have commented on pre-*Miranda* silence, this eliminates defendant's claim under the federal constitution. See, e.g., *Fletcher* v. *Weir*, 455 U.S. 603 (1982) (prosecution may introduce evidence of defendant's pre-*Miranda* silence for certain purposes during trial). Therefore, defendant is left only with a claim that Chapter I, Article 10 of the Vermont Constitution requires the suppression of any comment on post-arrest silence—regardless of whether it preceded or followed *Miranda* warnings. While some courts in other states have

held that such use of pre-*Miranda* silence offends their respective state constitutions, see, e.g., *Commonwealth* v. *Turner*, 499 Pa. 579, 583-84, 454 A.2d 537, 540 (1982); *State* v. *Davis*, 38 Wash. App. 600, 604-05, 686 P.2d 1143, 1145-46 (1984), this issue was not raised below, and we do not believe that it has been properly presented for our consideration. See *State* v. *Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

Moreover, the way this issue arose precludes an appellate claim of error. During the prosecution's direct examination of the arresting officer, no mention was made of defendant's post-arrest silence. However, on cross-examination, defense counsel chose to question the officer about an exculpatory statement that defendant had made at the scene. Having begun the inquiry, defense counsel, again, sufficiently opened the door so as to permit the State to continue with the same line of questioning on redirect. Cf. *State* v. *Messier*, 146 Vt. at 152-53, 499 A.2d at 38. And, when such questioning was pursued by the State, the officer's testimony was introduced without objection as to its substance. Thus, a fair disposition of this issue can be had by reference to the trial strategy of the defendant. It seems singularly inappropriate for defense counsel, having chosen its own path at trial, to ask, on appeal, that we affect the rules in order to change the result obtained below.

Based on the above reasoning, we determine that defendant has failed to demonstrate reversible error in regard to his third issue on appeal.

Finally, defendant claims, as an independent alternative ground for reversal, that the trial court, in its order following the suppression and refusal hearing, failed to state essential findings on the record to support appellate review. See *State* v. *Comes*, 144 Vt. 103, 108-09, 472 A.2d 1253, 1256 (1984). For the reasons previously stated with respect to defendant's first argument on appeal, we find that this issue has not been properly preserved for review, and thus, we decline to consider it at this time.

*Affirmed.*