STATE of Vermont v. Paul L. DOYON

[758 A.2d 816]

No. 99-299

August 21, 2000. The State appeals the district court's determination that there was no justifiable basis for the stop that led to defendant's arrest for driving while intoxicated. We reverse.

At approximately two-thirty in the morning of May 22, 1999, a state trooper observed defendant operating a vehicle close to or on the centerline of a paved highway. The officer then observed defendant's vehicle swerve to the right and then eventually turn into a driveway. The officer followed defendant after he pulled back onto the highway and drove first onto one dirt road, and then another. Defendant drove down the center of these dirt roads. At some point, the officer stopped defendant for the prior erratic operation and for failing to drive on the right. Eventually, defendant was processed and charged with driving while intoxicated, third offense.

Following a hearing, the district court granted defendant's motion to suppress, ruling that the officer had no reasonable and articulable basis for stopping defendant. The court noted that it is the custom of many Vermonters to drive in the center of dirt roads until and unless they see oncoming traffic. On appeal, the State argues that the officer's stop was justified based on his observation of defendant violating state law requiring motorists to drive on the right side of roads. See 23 V.S.A. § 1031 (driving to right).

Except for circumstances that did not exist in this case, § 1031(a) requires persons to drive on the right half of roadways of sufficient width. The undisputed testimony of the officer was that defendant was driving left of the center of the road, and that although the road was wide enough for two cars to pass, it was questionable whether an oncoming car could have passed by defendant because of his position in the center of the road. Given defendant's failure to stay to the right, as required by statute, the officer was justified in stopping him. See *State v. Welch*,

162 Vt. 635, 636, 650 A.2d 516, 517 (1994) (mem.) (reasonable and articulable suspicion of wrongdoing is necessary for police officer to stop motor vehicle being operated on highway). Notwithstanding defendant's argument to the contrary, *State v. Kirby*, 143 Vt. 369, 465 A.2d 1369 (1983), is on point. In that case, just as here, the evidence demonstrated that the unpaved road was wide enough for two cars to pass in opposite directions, but that the defendant had positioned his car such that safe passage was compromised. See *id.* at 371, 465 A.2d at 1370.

*Reversed.*

**Johnson, J.,** dissenting. Both the arresting officer and the trial judge repeatedly referred to this case as a close case, a judgment call. In such a close case, I think we must defer to the decision made by the trial court. The court made a discretionary decision, crediting the evidence that the officer observed very borderline behavior, behavior not clearly unlawful, and that decision should be upheld.

A judge's knowledge of background facts and community norms may legitimately be used in evaluating what is reasonable or unreasonable in a given situation. See *Ornelas v. United States*, 517 U.S. 690, 699 (1996). It is true, as the court observed, that Vermonters commonly drive closer to the middle of dirt roads than they do on paved roads; this is exactly the sort of background information that may inform a court's decision. Although the court left it unstated, there are good reasons why this custom exists. Vermont's dirt roads lack shoulders and abound in ditches. In order to avoid any mishaps with the edge of the road, either in the trees or the ditches, Vermonters commonly edge toward the center of dirt roads and then move right when another car approaches. This kind of background information is plainly part of the "totality of the circumstances," *State v. Crandall,*

162 Vt. 66, 70, 644 A.2d 320, 323 (1994), that a police officer's reasonable suspicion must consider. And where the trial court evaluating that suspicion, cognizant of the realities of Vermont's dirt roads, concluded that the officer's suspicion was not reasonable, we ought not to overturn that determination. I am authorized to state that Justice Skoglund joins in this dissent.