*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2010-420 & 2011-059

AUGUST TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| | } | |
| Richard Parah | } | DOCKET NOS. 101-9-10 Frcs & |
| | | 1205-9-10-Frcr |

Trial Judge: Mark J. Keller

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the civil suspension of his driver's license and from his conditional guilty plea to driving under the influence. He argues that the court erred in denying his motion to suppress and dismiss. We affirm.

Defendant was processed for DUI in September 2010 after a police officer observed him make a sweeping wide U-turn at an intersection. The officer testified that he stopped defendant because he crossed the center line in making his U-turn in violation of St. Albans City Ordinance 5166. Defendant filed a motion to suppress, arguing that the stop was unlawful. Specifically, he asserted that he could not have crossed the center line in making the U-turn because there was no painted center line on the road.

Following a hearing, the court denied the motion. It explained that the city ordinance defined a prohibited U-turn as "crossing the center line of the highway and going in the opposite direction from the direction [the driver] was first proceeding." While the term "center line" was not specifically defined, the court found it apparent that the term referred to the middle of a road regardless of whether there was a painted line. The court noted that other traffic regulations that referred to center lines, such as those governing turns, applied to roads without painted center lines. See 23 V.S.A. § 1061 (setting forth requirements for turning on public highways); 19 V.S.A. § 311 (providing that only paved class 1 and 2 highways require painted center lines). The court found that case law also supported its interpretation. See, e.g., State v. Kirby, 143 Vt. 369, 371 (1983) (upholding defendant's conviction for driving on the wrong side of the road and rejecting argument that conviction should be overturned because the road was unpaved and without a clearly marked center line). Because the officer here observed defendant make a U-turn and cross the center line of two different roads, the court found that the officer had reasonable suspicion to believe that defendant violated the city ordinance, which justified the stop. See, e.g., State v. Pratt, 2007 VT 68, ¶ 5, 182 Vt. 165 (recognizing that detention or seizure by a law enforcement officer is justified if officer has a reasonable and articulable suspicion of

illegal activity). The court therefore denied defendant's motion to suppress, and granted judgment to the State in the civil proceedings. Defendant later entered a conditional guilty plea in the criminal proceedings, and this consolidated appeal followed.

Defendant first argues that the State failed to prove that the city ordinance at issue was lawfully adopted, that there were conspicuous signs at the intersection prohibiting U-turns, and that the road at issue was a town highway capable of being regulated by a municipality. These arguments were not raised below. As we have often repeated, "[t]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). This ensures "that the original forum is given an opportunity to rule on an issue prior to our review." In re White, 172 Vt. 335, 343 (2001). No such opportunity was provided to the trial court here.

It is true, as defendant asserts, that he objected on hearsay grounds when the officer was testifying to the substance of the city ordinance, and the court overruled his objection. But defendant does not argue on appeal that the ordinance was improperly proved through hearsay testimony. As we have often repeated, "[a]n objection on one ground does not preserve an appeal on other grounds." State v. Bubar, 146 Vt. 398, 400 (1985). We note that defendant introduced the language of the city ordinance into evidence.

It is evident that the issue before the court was the significance, if any, of the absence of a painted center line. The court confirmed this with defendant's attorney during the hearing. At the close of the hearing, the court again asked defendant if the question before it was "what does [the term] center line mean?" Defendant responded, "right," and reiterated his position that a painted center line was required. The validity of the ordinance, proper signage, and the precise nature of the involved roads, were not issues raised before the trial court. We thus do not address these arguments for the first time on appeal. For purposes of the criminal proceeding, we find no plain error. See State v. Campbell, 146 Vt. 25, 27 (1985) (explaining that plain error lies "only in those rare and extraordinary cases where the error is both obvious and strikes at the very heart of the defendant's constitutional rights or results in a miscarriage of justice if we do not recognize it"). Defendant's argument before the trial court assumed the validity of the ordinance.

Finally, defendant suggests that there can be no "center line" in the absence of a painted center line, and that to so hold would place too much discretion in the hands of police officers to make traffic stops. As an initial matter, it is difficult to imagine how a U-turn could be accomplished without crossing the center line of the road. More importantly, defendant's interpretation would obviate basic traffic laws for countless unpaved Vermont roads, and lead to absurd results. Cf. In re Jones, 2009 VT 113, ¶ 7, 187 Vt. 1 ("We interpret penal statutes strictly, but not so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd results." (quotation omitted)). We agree with the trial court that a commonsense interpretation of the term "center line" means the middle of the road, regardless of whether there is a painted center line. State v. Fletcher, 2010 VT 27, ¶ 10, 187 Vt. 632 (mem.) (where language of statute has a plain meaning, Court will enforce it according to its terms). Defendant

2

conceded at the hearing that he crossed the midpoint of the road.  The record supports the trial court's decision, and we find no error.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice