*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-328

JULY TERM, 2014

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| David Leo Edson | } DOCKET NO. 350-3-12 Wmcr |

Trial Judge: David T. Suntag

In the above-entitled cause, the Clerk will enter:

Defendant was found guilty of two counts of aggravated sexual assault and one count of lewd and lascivious conduct with a child, and received an aggregate sentence of twenty-five years to life. In this automatic appeal, defendant argues that the trial court committed plain error in admitting a recorded interview of the minor victim, and in allowing testimony related to defendant's prior acts of violence and substance abuse. We affirm.

The charges were based on disclosures by minor A.C., born January 31, 1999, who told her father that while she was living with her mother during the summer of 2009 when she was ten years old, defendant had repeatedly sexually assaulted her. In 2011, when A.C. made the disclosure, she was living with her father in Utah. Father reported the allegations to Utah social services. Father also took A.C. to the hospital for a medical exam, which was performed by a nurse. A.C. told the nurse that defendant had repeatedly raped her. Utah law enforcement conducted an interview with A.C. at the request of Vermont police. The interview was video recorded.

At trial, A.C. testified that during the summer of 2009 she was living with her mother and two brothers in a two-room apartment. She described her mother as being physically abusive and using drugs.[1] There were other adults living in the apartment, including defendant and his girlfriend. A.C. slept on the floor in the bedroom where her brothers were sleeping. She stated that defendant slept on the floor next to her and repeatedly sexually assaulted her by putting his penis in her vagina. She was unable to describe the assaults in detail. She stated that her brothers were in the room and her mother was in the apartment at the time. She testified that she did not report the assaults at the time because defendant told her he would get in trouble and he had prevented her mother from hitting her and her brothers. The recorded interview with Utah police was admitted at trial.

---

[1] In August 2009, the abuse of the children was reported to police, the children were removed from the home and A.C. had no further contact with her mother.

The State presented expert testimony from a forensic psychologist. He testified about factors that can explain the delayed disclosure of sexual assault by children including the child's familiarity with the abuser, the child's fear of what will happen if they tell, whether the child comes from a dysfunctional, chaotic, and abusive family, the mother's level of support, and the child's fear that disclosure will cause disruption of the family or harm to the abuser. He also testified that some children are unable to report details of their abuse, and factors leading to this are repeated abuse and the severity of the emotions involved.

Three people who resided in the apartment that summer also testified: A.C.'s mother, defendant's girlfriend, and A.C.'s brother. None testified to witnessing the sexual assaults. Defendant testified as well. Although he admitted to violent behavior and drug use, he denied the sexual assaults. The jury found defendant guilty on all three counts, and the court sentenced him to an effective sentence of twenty-five years to life. This automatic appeal followed. V.R.A.P. 3(b)(2).

Defendant's first argument concerns the admission of A.C.'s prior recorded statement to Utah police.[2] Prior to trial, the State provided notice under Vermont Rule of Criminal Procedure 26 of its intent to offer A.C.'s out-of-court statements about the sexual assaults pursuant to Vermont Rule of Evidence 804a. See V.R.Cr.P. 26(d) (requiring state in criminal action to furnish written statement of evidence it intends to offer under V.R.E. 804a at least thirty days prior to trial). Rule 804a states that an out-of-court statement by a person under twelve years of age is not excluded by the hearsay rule in certain proceedings if the statement was "not taken in preparation for a legal proceeding," the child is available to testify, and "the time, content, and circumstances of the statements provide substantial indicia of trustworthiness." V.R.E. 804a(a).

At a December 2012 status conference, the court mentioned the State's 804a disclosure. Through counsel, defendant stated that he had no objection to the 804a disclosures, and stipulated that no hearing was necessary. Therefore, the court did not make specific findings on the Rule 804a factors.

On appeal, defendant argues that the court erred in not conducting this analysis sua sponte, and that such failure was plain error insofar as the statement failed to meet the Rule 804a criteria because it was taken in preparation for a legal proceeding and did not bear substantial indicia of trustworthiness.

We first address the issue of waiver. Without question, there was no preservation of the argument raised on appeal since defendant failed to object both in response to the State's pretrial disclosure and at trial to admission of the statement to Utah police. See State v. Gomes, 162 Vt. 319, 330 (1994) ("The duty to exclude objectionable testimony rests squarely with defense counsel, and without an objection, the defendant fails to preserve the issue for appeal."). But in this case defendant's comments to the court went beyond simply failing to object. Defendant agreed that A.C.'s recorded interview with Utah police was admissible and that no 804a hearing was necessary. Thus, the court conducted no hearing on the issue and issued no findings on the Rule 804a criteria. Further, defendant relied on the interview at trial to support his argument that A.C.'s various accounts of the alleged assaults were nonspecific and not credible. Given

---

[2] At trial, A.C.'s statements to her father, the examining nurse, and the Utah detective were all admitted. The police interview was video recorded, and the recording was admitted at trial without an objection. On appeal, defendant challenges only admission of the recorded police interview. Therefore, we do not specifically address the other statements.

defendant's agreement that no 804a hearing was necessary and his choice to rely on the testimony at trial, defendant waived any objection to admission of the statement on appeal. See State v. Spooner, 2010 VT 75, ¶ 19, 188 Vt. 356 ("By agreeing to admission of certain evidence, a party waives his right to review of the trial court's ruling on appeal.").

For this reason, there is also no merit to defendant's argument that the court was required to issue Rule 804a findings despite defendant's agreement that the statement was admissible. The trial court relied on defendant's statement that he did not object to the admission of the interview. As a result, the court admitted the interview without a hearing and, thus, without any findings on the Rule 804a factors. Having expressly agreed to that procedure below, defendant has waived any objection to the lack of findings on appeal. There is good reason to apply the waiver rule in this instance. Ordinarily, the trial court has discretion in admitting or excluding evidence under Rule 804a, and this Court's review is limited to reviewing for an abuse of discretion. State v. Willis, 2006 VT 128, ¶ 20, 181 Vt. 170. Because defendant conceded that a hearing and findings were not necessary, none were given, and, consequently, review of those findings in this Court is neither possible nor required.

In any event, we conclude that any failure to engage in a Rule 804a analysis did not amount to plain error.[3] Plain error occurs in only "rare and extraordinary cases where the error is both obvious and strikes at the very heart of the defendant's constitutional rights or results in a miscarriage of justice." State v. Campbell, 146 Vt. 25, 27 (1985). No obvious error occurred in admitting the statement under Rule 804a because there was a sufficient basis to meet all of the 804a criteria, including the two specific criteria now challenged by defendant—that the statements were not taken in preparation for a legal proceeding and that the statements provide substantial indicia of trustworthiness.[4]

As to the purpose of the interview, Rule 804a allows admission of a statement "not taken in preparation for a legal proceeding." V.R.E. 804a(a)(2). The test is "whether an objective view of the totality of the circumstances indicates that the statements were gathered primarily for reasons other than preparation for a legal proceeding." State v. Blackburn, 162 Vt. 21, 25 (1993). Interviews conducted while a matter is in an investigatory stage do not necessarily trigger the commencement of legal proceedings. Id. Here, the recorded interview was done after disclosure by A.C., but at the beginning stages of the investigation, and was the first interview conducted by law enforcement. Therefore, there were sufficient facts to support a finding that A.C.'s statement was taken for investigative purposes rather than for future legal proceedings. See State v. Reid, 2012 VT 65, ¶¶ 21-35, 192 Vt. 356 (affirming admission of child's out-of-court statements as investigatory).

In addition, there were sufficient facts to demonstrate that the interview showed indicia of trustworthiness. Under Rule 804a, "the time, content, and circumstances of the statements" must

---

[3] We note that, in reviewing an automatic appeal, this Court must "review the record in the interests of justice." V.R.A.P. 3(b)(2)(D). This Court has not considered what type of review is mandated by this standard, and in particular, whether the limited standard caused by nonpreservation applies. We do not address the question here because, even if plain error applies, the standard was not met in this case.

[4] Because this Court is limited to reviewing the admission of a statement under Rule 804a for abuse of discretion, Willis, 2006 VT 128, ¶ 20, as long as there was sufficient evidence for a court to have found that the statement met the criteria, there was no obvious error.

provide "substantial indicia of trustworthiness." V.R.E. 804a(a)(4). Defendant claims that the standard was not met here because proper interview protocol was not followed, the questions were direct rather than leading, and A.C. exhibited withdrawn body language. Even accepting that A.C. was reluctant to speak to the interviewer and the best interview practices were not followed, there were other indicia of trustworthiness that could support admission. The statements made to the Utah detective were in keeping with A.C.'s initial disclosure to her father, and A.C. consistently described both the abusive acts and defendant as the perpetrator. See Willis, 2006 VT 128, ¶ 20 (affirming court's finding that statement was trustworthy based on consistent description of abuse and perpetrator even if best interview practices were not followed). Therefore, there was no obvious error in admitting the statement.

Defendant next argues that it was plain error to admit evidence of his prior bad acts. Prior to trial, the State notified the defense of its intent to offer evidence of defendant's violent conduct pursuant to Rule of Criminal Procedure 26. As set forth above, the evidence at trial included testimony from A.C.'s mother, defendant's girlfriend, and A.C.'s brother, all of whom resided in the apartment with A.C. during the summer of 2009. At trial, A.C. and these other three witnesses all described acts of violence committed by defendant and testified to defendant's use of illegal drugs. None of the other individuals testified that they witnessed the sexual assaults. Defendant did not object to admission of these statements either in response to the State's pretrial disclosure or when the testimony was given at trial. On appeal, he claims that the court committed plain error in allowing the testimony because it was not relevant, and, even if relevant, was impermissible character evidence.

There are no grounds for reversal. Defendant purposefully chose not to challenge admission of evidence regarding his past violent acts and drug abuse at trial as part of his trial strategy. In fact, defendant on direct examination testified extensively about his prior convictions, his prior violent acts, and his prior drug use. Defendant's apparent strategy was to honestly admit to illegal behavior so as to give credence to his denials of sexually assaulting A.C. Given defendant's conscious choice not to challenge admission of this evidence and to in fact rely on it as part of his trial strategy, he has waived any plain-error objection. State v. Leroux, 2008 VT 104, ¶ 15, 184 Vt. 396 ("We will not find plain error based on a deliberate tactical decision by counsel.").

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

4