*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-415

JULY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Katie Benware | } | DOCKET NO. 543-10-13 Oscr |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Defendant appeals from her conviction of retail theft following a bench trial. She argues that the evidence is insufficient to support her guilt. We affirm.

Defendant was charged with misdemeanor retail theft in October 2013. At trial, a store employee testified that, on the day in question, a customer alerted him of a theft by a man and a woman. A young child was also with the couple. The employee reviewed a surveillance video that showed defendant and a man removing clothes from hangers. The video showed defendant crouching down and putting something in her purse. The video was admitted into evidence. The employee testified that defendant and the man took the items that were on the hangers, a bra and some outfits, and then left the store without paying for them. The employee wrote down defendant's license plate number. He found empty hangers in the location reflected on the video, which were not there prior to defendant and the man entering that area. The employee discerned what was missing by looking at the empty hangers. Defendant did pay for some items, but not the bra and outfits that were missing from the hangers. These items were not found anywhere in the store. The value of the stolen items was approximately $31.00. The police officer who investigated the incident also testified. She reviewed the surveillance video and she ran the license plate number provided to her by the employee. The car was registered to defendant. The officer saw defendant in the store parking lot, and confronted her. Defendant asked the officer if she could return to the store and pay for the items that she had taken. She did not deny taking the items. Defendant moved for a judgment of acquittal at the close of the State's case. The court denied the motion. Defendant then testified and she denied stealing anything from the store. The court found defendant guilty, and this appeal followed.

Defendant argues that the State failed to prove that she carried away merchandise without paying for it. According to defendant, the evidence showed only that there were empty hangers in the area where she was seen crouching down, that she put something in her purse, looked around the store, and then paid for some items before leaving.

"We review the denial of a Rule 29 motion for judgment of acquittal de novo, considering whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Ellis, 2009 VT 74, ¶ 21, 186 Vt. 232, 979 A.2d 1023 (quotation omitted). The evidence is sufficient to support defendant's conviction here.

"A person commits the offense of retail theft when the person, with intent of depriving a merchant wrongfully of the lawful possession of merchandise . . . takes and carries away . . . any merchandise from a retail mercantile establishment without paying the retail value of the merchandise . . . ." 13 V.S.A. § 2575(1). A defendant's guilt "may be proved by circumstantial evidence alone, if that evidence is otherwise proper." State v. Colby, 140 Vt. 638, 642 (1982).

Taking the evidence in the light most favorable to the State, the evidence included a videotape that showed defendant stuffing materials into her purse. There were empty hangers in the area where defendant had been crouching down; the empty hangers were not there before. The store clerk testified that he rang up defendant's other purchases but defendant did not pay for the items in question. The items no longer remained in the store and they were no longer on the shelf. Defendant was identified by two different witnesses; she acknowledged that she was the person on the videotape. When the police officer confronted defendant with the shoplifting allegation, defendant did not deny taking the items. To the contrary, she asked if she could go back in and pay for them. This evidence is sufficient to establish defendant's guilt of retail theft beyond a reasonable doubt.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice